### ALGER v. FARLEY & CHRISMAN *et al.*

1. **Mortgage:** FRAUDULENT SALE: REDEMPTION. Where one mortgagee acting under a power of sale in the mortgage sells the mortgaged property to a purchaser who buys for the benefit of a co-mortgagee, at about one-sixth of the actual value of the property, it was held, that the purchaser did not acquire a title to the property divested of the equity or right of redemption in the mortgagor, or junior mortgagee.

2. —— MIXTURE OF PROPERTY: MEASURE OF DAMAGES. Where property thus sold is so commingled with other property, from which common sales were made, that practical certainty as to what the goods were sold for is not attainable, courts of equity will not enter the field of speculation or doubt as to the measure of the damages to which a subsequent mortgagor offering to redeem is entitled when a reasonably certain measure is presented by the positive evidence in the case.

*Appeal from Dubuque District Court.*

THURSDAY, JANUARY 18.

THIS is a suit in equity brought by the plaintiff, who is a junior mortgagee of a stock of hardware, against the defendants, Farley and Chrisman, who are senior mortgagees of the same property, and R. T. Fanning & Co., who are the mortgagors, are also made defendants. Both mortgages gave the right to the respective mortgagees to take possession of the property and proceed to sell sufficient of the same at wholesale or retail, at public or private sale for cash, as shall be best for all parties concerned, to pay the amount due with interest, and costs and expenses incurred, &c. The defendants, Farley and Chrisman, who are the senior mortgagees, having taken possession of the stock of hardware and disposed of the same, the plaintiff herein brings this suit to obtain an accounting from them, or in effect, to redeem from their prior mortgage. The cause was referred to B. W. Poor, Esq., as referee, who took the testimony and made his report favorable to the plaintiff. But the plaintiff, not being content with the report, filed exceptions thereto, and upon the hearing in the District Court, the suit was dismissed at plaintiff's costs. The further necessary facts will be found stated in the opinion. The plaintiff appeals.

*Allison, Crane & Rood* for the appellant.

*Bissell & Shiras* for the appellees.

COLE, J. — While the evidence does not conclusively establish that Chrisman bribed one of the mortgagors to consent to a sale in lots prejudicial to the rights of the junior mortgagees, and to conceal the same from them, nor that Chrisman made a binding promise to timely advise Alger of the time of sale, yet the

1, MORT-
GAGE:
fraudulent
sale: re-
demption.

evidence is of such a character as to show that he is not entirely blameless in these particulars, and to prejudice his status in a court of equity.

But it does satisfactorily appear that the sale by Farley and Chrisman, who were mortgagees with power of sale, was made by Farley as auctioneer to a brother of his co-mortgagee and partner, and for his partner's use and benefit; and that such sale was made at about one-sixth the cost of the goods; nor is the sale otherwise free from suspicion. Under such circumstances, the purchaser (being the mortgagee with power of sale or trustee) did not acquire a title to the property, divested of the equity or right of redemption in the mortgagor or junior mortgagee, but took the same subject thereto. *Vide* art. on "Sales and Titles under Deeds of Trust," 2 Am. Law Reg., N. S., p. 728, § 35, and authorities cited; *Mapps* v. *Sharpe & Co.*, 32 Ill., 13.

The mortgaged property in this case was a stock of hardware, and after the sale under the mortgage to the mortgagee, Chrisman, it was placed with another stock of hardware in a new firm, and still new purchases were made and added to the combined stock. These were inseparably mingled, and sales made therefrom in common. It is apparent that under such circumstances, practical certainty, even as to what the mortgaged goods were sold for, is not attainable, and courts of equity will not, ordinarily, enter into the field of speculation or probabilities to ascertain the measure of damages when a reasonably certain measure is presented by the positive evidence in the case.

2. —— mixture of property: measure of damages.

The testimony in the case shows the value of the goods or stock of hardware at the time of the sale under the mortgage, to have been about fifty cents on the dollar. Whether the value was fifty cents or less on the dollar, is perhaps left in considerable doubt by the testimony in the

case; but it is also shown that the market value of hardware increased very considerably after the sale and before the bringing of this action. This increase, together with the fact that the mortgagee, Chrisman, is not without actual as well as constructive fault in the premises, have induced us to adopt the fifty per cent value as the more probable under the testimony, and the one more nearly approximating abstract justice between the parties. And this is in conformity with the report of the referee.

It appears from the evidence, that at time of the auction sale, under the mortgage, which was March 15th, 1860, the cost price of the goods unsold was $20,800, and that their real value was, at fifty per cent, $10,400. The amount of the debts secured by the mortgage to Farley and Chrisman, and unpaid at the same date was $9,321.74. For the difference between these sums, and the interest thereon from the date last aforesaid, a judgment will be entered in this court in favor of plaintiff, C. C. Alger, against the defendant, Jacob Chrisman, and the petition dismissed absolutely as to J. P. Farley, and without prejudice as to the other defendants. The judgment of the District Court is therefore ·

Reversed.