[No. 6194. Decided September 13, 1906.]

THE STATE OF WASHINGTON, *on the Relation of Washington Mill Company, Appellant,* v. GREAT NORTHERN RAILWAY COMPANY, *Respondent.*[1]

CARRIERS — CHARGES — REGULATION — CONSTITUTIONAL LAW — DUE PROCESS OF LAW. Laws 1905, p. 238, § 2, arbitrarily fixing the weight of standards for lumber cars at one thousand pounds, and requiring such weight to be deducted from the net weight of the lumber on all car loads received for shipment, regardless of the actual weight of such standards, is unconstitutional as unreasonable and requiring the carriage of part of the lumber without reward, being a taking of property without due process of law.

SAME—REASONABLENESS OF REGULATION. Any regulation of rates which arbitrarily fixes the weight of cars or equipment at more or less than the actual weight is unreasonable, notwithstanding the difference between that and the actual weight is small as compared with the weight of the cargo; and six hundred pounds per car to be carried free is a substantial amount and a confiscation of property.

SAME—STATUTES—CONSTRUCTION. The fact that § 1 of the act provides that the shipper shall furnish such standards, and that the weight of the equipment shall be added to the weight of the car, "so that the freight shall be charged by the carriers only on the cargo carried," does not obviate the defect in § 2 requiring one thousand pounds to be deducted from the "net weight of the lumber carried," which is an unreasonable regulation and in violation of art. 14, § 1, of the Federal constitution.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 2, 1905, in favor of defendant, denying an application for a writ of mandamus to compel a carrier to furnish a car for the transportation of lumber. Affirmed.

*Danson & Williams,* for appellant.

*M. J. Gordon* and *Charles A. Murray,* for respondent.

MOUNT, C. J.—This case depends upon the validity of § 2 of the act of 1905, requiring railroad companies and other

common carriers to include in the weight of cars used for
the shipment of lumber the weight of standards, etc.   The
act is found in the Laws of 1905, at page 238.   Section 2
of this act arbitrarily fixes the weight of such standards,.
etc., at one thousand pounds, and provides that one thousand
pounds shall be deducted from the net weight of the lumber
carried on the car, and that freight shall be charged on the
balance only.   The question was raised below by the applica-
tion of the appellant for a writ of mandamus to compel the
Great Northern Railway Company to furnish appellant with
an empty flat-car containing the necessary standards and
equipments, on which the said appellant could load a car of
lumber.   Appellant demanded that the weight of such stand-
ards and equipments should be taken and considered as a
part of the weight of said car, and the same should be fixed at
one thousand pounds and deducted from the net weight of
the lumber carried on said car.   The railroad company re-
fused to furnish the car upon the conditions of the demand.
It is conceded that the railroad company,

"has ever been and now is ready and willing to furnish cars
to relator and others in the discharge of its duties as a com-
mon carrier, deducting from the freight charges in said serv-
ice the actual weight of the cars and the usual equipments,
including the actual weight of standards, supports, stays,
railings, equipments, appliances, and appurtenances thereto,
which weight will in no case exceed four hundred pounds per
car, making its freight charges depend solely upon the actual
weight of lumber or manufactured lumber product shipped
upon such cars."

The lower court held that § 2 of the act above referred to was
unconstitutional because it requires the respondent to carry
freight on each car free of charge, and is therefore a taking
of property without due process of law.

We think this position must be sustained.   If the legisla-
ture may say that the carrier must deduct one thousand
pounds from the net weight carried, then there is no limit to

which it may not go.  This arbitrary deduction is not based upon the right to regulate the rates of freight, because such rates must necessarily be based upon the actual weight or bulk carried.  There can be no doubt that it is the duty of a common carrier to furnish cars suitable for what is carried, and the carrier is liable in damages for a failure of its duty in this respect.  *Emerson v. St. Louis etc. R. Co.,* 111 Mo. 161, 19 S. W. 1113; *Beard v. Illinois Central R. Co.,* 79 Iowa 518, 44 N. W. 800, 18 Am. St. 381, 7 L. R. A. 280. This duty is conceded by the respondent, and the authority of the legislature to provide for a suitable equipment is not questioned in the case.  When the legislature defines by statute what shall constitute a reasonable or proper equipment, it cannot go further and arbitrarily fix the weight of such equipment, and then say the weight thereof shall be deducted from the net weight of freight carried on the car because the equipment is no part of the freight carried.  If the legislature may provide for deducting the weight of the equipment from the net weight of the freight, it may for the same reason deduct the weight of the car from the weight of the freight, and thus require the carrier to carry freight to the amount of the weight of the car and equipment free.

Appellant contends that, it is only where the regulation is so unreasonable as to result in depriving the carrier of its property that the court will interfere and declare the regulation void, and that one thousand pounds is so small when compared with the weight of a carload of lumber as to be immaterial.  The first contention may be conceded, but as to the second, the weight of the standards and other equipments and the weight of cars used may be easily and accurately ascertained, and a reasonable regulation would require the carrier to weigh the cars and equipment when such weight becomes material in determining freight charges.  Any regulation, therefore, which fixes the weight of cars or their equipment at less or more than the actual weight cannot be

a reasonable regulation.  Cars as well as equipment do not weigh the same.  The weight must depend upon the materials used in the construction.  Such weight is easily and readily determined.  If the average weight of equipment of a car is one thousand pounds and may be fixed at that weight by law, regardless of its actual weight, then the shipper on a car having equipment weighing more than one thousand pounds would be required to pay freight on a weight which he did not ship, and where the equipment weighed less than one thousand pounds, the carrier would be required to carry freight free.  Thus, in either event, such regulation would take property from one and give it to another without compensation.  While it may be true that the average would balance in the end, yet, a reasonable regulation requires the shipper to pay the carrier in each case for the freight actually carried, no more and no less.  Any arbitrary regulation of weights cannot be said to be reasonable.  In other words, this kind of regulation amounts to confiscation.  When it is once conceded that the legislature may require forty thousand pounds to be carried as thirty-nine thousand pounds or less, then the right to confiscation is at once maintained.

A state cannot require a railway company to carry property without reward, or, as said in the *Railroad Commission Cases,* 116 U. S. 307, at page 331 (6 Sup. Ct. 334, 29 L. Ed. 636):

"This power to regulate is not a power to destroy, and limitation is not the equivalent of confiscation.  Under pretense of regulating fares and freights, the state cannot require a railroad corporation to carry persons or property without reward.  Neither can it do that which in law amounts to a taking of private property for public use without just compensation, or without due process of law."

See, also, *Dow v. Beidelman,* 125 U. S. 680, 8 Sup. Ct. 1028, 31 L. Ed. 841, and cases cited; *Chicago etc. R. Co. v. Minnesota,* 134 U. S. 418, 10 Sup. Ct. 462, 702, 33 L. Ed. 970.  Under the conceded facts in this case, if the validity

of this section of the statute is maintained, the carrier is required to carry six hundred pounds of freight free on each car. This is a small amount to be sure when compared with the capacity of a car, but it is a substantial quantity and involves the principle that the legislature may require the railway company to carry freight free, which, as we have seen, is a taking of property under the decision of the supreme court of the United States.

Appellant also contends that the act contemplates that the shipper will furnish the standards, supports, etc., and the weight thereof will be included in the weight of the lumber shipped upon the car. Section 1 of the act provides that the equipment named shall be considered a part of the car, and the weight of the equipment shall be added to the weight of the car. "So that the freight charges shall be charged by the carriers only on the cargo carried." These are reasonable and proper provisions, but there is no provision in the act that the weight of the standards shall be included in the weight of the lumber, and then deducted, except as it may be inferred from § 2, which is as follows:

"Sec. 2. For the purpose of this act, the weight of such standards, supports, stays, railings, equipments, chains, appliances, contrivances, etc., provided for in the first section of this act, shall be, and the same is hereby fixed at 1,000 pounds, and in estimating and adjusting the freight charges on all lumber and manufactured lumber products carried on cars by a railroad company or other common carrier in this state, 1,000 pounds per car shall in each case be deducted by such railroad company or other common carrier from the net weight of the lumber and manufactured lumber products so carried upon such car, and freight shall be charged on the balance only." Laws 1905, p. 238, § 2.

If the words "net weight of the lumber carried" mean to include the weight of standards and other equipments with the weight of the lumber, then there would be force in the position that the weight of the standards is to be included in

the weight of the lumber. But the words "net weight," as commonly used, mean the weight of the lumber only, exclusive of anything else. Furthermore, the act makes no distinction between the case where the shipper furnishes the standards and where the carrier furnishes them. In either event § 2 requires one thousand pounds to be deducted from the net weight of the lumber carried on each car, and freight shall be charged on the balance only. This is clearly not a reasonable regulation, and if the legislature intended that the shipper should furnish the standards, etc., and have the weight thereof deducted, the language used does not express that idea. The case is argued here upon the theory that, under the admitted facts, the respondent is required to carry six hundred pounds of freight free. It may be doubted that the validity of a statute may be said to depend upon the admissions of a party or the facts in a particular case. We do not base this decision upon the facts pleaded and admitted. It rests upon the statute itself, which plainly provides an arbitrary weight for standards, etc., which the first section makes a part of the car and which the second section requires to be deducted from the net weight of the freight carried; thus requiring freight to be carried free. For these reasons, we are satisfied that § 2 of the act is in contravention of § 1, art. 14, of the Constitution of the United States, and is therefore void.

The judgment is therefore affirmed.

DUNBAR, CROW, and HADLEY, JJ., concur.