## Package Marking

MILLER, Deputy Attorney General, September 19, 1950.—This department is in receipt of your letter in which you ask if the word "net" should be included in the content declaration on commodities put up in package form under the provisions of section 7 of the Act of July 24, 1913, P. L. 965, as amended, 76 PS §247, sometimes referred to as the Commodities Act.

You also state that some manufacturers and processors take exception to the requirement that the word "net" is included in all quantity declarations of commodities put up by them in package form. They insist the Commodity Act is being complied with when a statement of contents is placed on the package, such as, "8 oz." on a package sold on a weight basis.

Section 7 of the Commodities Act, 76 PS §247, as amended, provides as follows:

"No person shall distribute or sell or have in his possession with intent to distribute or sell any commodity in package form, unless *the net quantity of the contents shall be plainly and conspicuously marked on the outside of the package in terms of weight, measure, or numerical count:* Provided, however, That reasonable variations shall be permitted; and tolerances may be established by rules and regulations made by the department. Before any tolerances are granted, producers and manufacturers of commodities must make written application for a tolerance to the department, and must furnish proof that the use value of the com-

modity will not be affected by the granting of the tolerance. Exempt from marking as to net content contained shall be:

"(a) All packages sold as liquid commodities containing less than one ounce liquid measure and selling for five cents or less.

"(b) All packages sold as dry commodities containing less than one ounce avoirdupois and selling for five cents or less." (Italics ours.)

In Package Sales of Commodities, 60 D. & C. 163, it is held that it is a violation of section 7 of the Commodities Act for a retail merchant to sell or distribute a commodity, as defined in the act, wrapped in package form and not marked as to net quantity of its contents, and further, it is held in the same opinion that it is a violation of section 7 of the Commodities Act for a retail merchant to have in his possession, with intent to sell or distribute, a commodity, as defined in the act, wrapped in package form and unmarked as to the net quantity of its contents.

The meaning of the word "net" when used in conjunction with the word "weight" in describing the quantity of a particular commodity has been clearly resolved by judicial determination.

In State of Washington ex rel. Washington Mill Company v. Great Northern Railway Company, 43 Wash. 658, 86 Pac. 1056 (1906), 6 L. R. A., N. S. 908, it is held that the "net weight" of a cargo of lumber means the weight of the lumber only, exclusive of standard supports, etc., used in piling the lumber in the car.

In Scott et al. v. Hartley, 126 Ind. 239, 25 N. E. 826 (1890), it is held that "net" means clear of all tare, tret, and other deductions, as "net weight".

It is held in Kiessig et al. v. San Diego County et al., 51 Cal. App. (2d) 47, 124 P. (2d) 163 (1942), that the cubic contents of the interior of a vessel, when the space

occupied by the crew and by propelling machinery are deducted therefrom numbered in tons, is called the "net tonnage".

A manufacturer of a commodity who was prosecuted under an ordinance requiring the net weight of the contents to be stamped on containers made the defense that he had complied sufficiently with the act by stamping the weight of the contents when packed. The court, in City of Seattle v. Goldsmith, 73 Wash. 54, 131 Pac. 456 (1913), at pp. 60, 61, 62, held, inter alia, as follows:

". . . Many other like rulings might be cited to the effect that what the law will imply as a necessary incident is as much within a legislative enactment, whether state or municipal, as though specifically set forth in terms. And it is not a departure from such a rule to say that a requirement to stamp the net weight on a container is implied from the power to regulate weights. It is a regulation and one of the most effective in so regulating weights and measures as to reduce the opportunities for fraud and deception to the consumer to a minimum. . . .

"It is not unreasonable to require that the packer or manufacturer shall ascertain this loss by evaporation as he is best in position to do, and overcome the loss by increasing the size of the package or the weight of the commodity packed therein, or withhold his goods from the market until it is possible to ascertain the true net weight. Whatever may be the necessary course to adopt to enable the container to correctly indicate the weight of the commodity it contains, it is not unreasonable to place that burden upon the one who puts the article before the public as a sale commodity, and compel him, if he wishes to retain his trade, to so pack his commodities that the consumer may know the true quantity of the thing he buys, and thus protect himself in paying the value of the thing he buys. . . ."

In this Commonwealth objections of producers or manufacturers of commodities which lose weight after packaging are met by section 7 of the Commodities Act, supra, which expressly authorizes the Department of Internal Affairs, upon written application, to grant tolerances to producers and manufacturers of commodities, so that reasonable shrinkage encountered after packaging, can be permitted, as agreed to by the department, upon proof being furnished to the department that the value of the commodity will not be affected by the granting of the tolerance.

Black's Law Dictionary, 3rd ed. (1944) 1240, also defines the term as follows:

"Net Weight. The weight of an article or collection of articles, after deducting from the gross weight the weight of the boxes, coverings, casks, etc., containing the same. The weight of an animal dressed for sale, after rejecting hide, offal, etc.".

If the word "net" is omitted from the description of the quantity of a commodity enclosed in a container, confusion would arise in the mind of the buyer as to the actual volume of weight of the commodity in the package, and give rise to possibilities for fraud.

The statute directs in no uncertain terms that the *net* quantity of the contents be marked on the outside of the package, and it follows to mark the package as to the quantity of the commodity contained therein, without including the word "net" would amount to a failure to comply with the mandatory direction of the statute.

It is our opinion, and you are, therefore, accordingly advised that the word "net" must be included in all quantity declarations required under section 7 of the Act of July 24, 1913, P. L. 965, as amended.