## LONG *et al.* v. TALLEY *et al.*, *Appellants.*

1. **Practice in Supreme Court**: PROCEEDING TO OPEN PUBLIC ROAD : CONFLICT OF EVIDENCE : FINDING IN LOWER COURT. In a proceeding to open a public road, where the evidence as to whether three of the petitioners lived in the "immediate vicinity" of the proposed road, within the meaning of the statute, is conflicting, both in the county and the circuit court, the finding, on that point, will not be disturbed in the Supreme Court.

2. **Proceeding to Open Public Road** : REPORT OF COMMISSIONERS, AMENDMENT OF. Where the report of commissioners appointed by the county court to assess damages caused by the opening of a public road, was filed in vacation, anterior to the term at which they were required to report, which report was informal and not sufficiently specific, the county court has power to have the com-

missioners amend their report at that term. The report, in such case, occupies the position of a verdict, and being filed in proper time, and being informal, may be put in proper form.

3. ——— : APPEAL : PRACTICE : WAIVER. Where, in a proceeding to open a public road, an appeal is taken to the circuit court, the whole case is thereby removed to the latter court, exceptions and all, for trial *de novo;* and if the remonstrators desire to have their exceptions heard, and their damages assessed by a jury, they should call the attention of the circuit court to the matter, and insist on their rights, and having failed to do this they will be deemed to have waived the point, and it cannot be relied on in the Supreme Court.

4. ——— : LOCATION OF ROAD : PAYMENT OF MONEY INTO COURT : QUANTUM OF DAMAGES. Where the damages caused by the opening of a public road have been assessed and paid into court for the owner, it is competent for the road to be located, notwithstanding the filing of exceptions to the amount of the assessment; the *quantum* of damages can be determined afterwards.

5. ——— : JUDGMENT, MODIFICATION OF. The judgment of the circuit court in this case, in so far as it departs from that of the county court, with reference to the route of the road, modified and made to conform to that of the latter court.

*Appeal from Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*S. P. Sparks* and *A. Comingo* for appellants.

(1) It was essential to the jurisdiction of the circuit, as well as the county court, that three of the petitioners should have been, at the time of the presentation of the petition, of the *immediate* neighborhood of the proposed road. Laws 1883, sec. 5, p. 153; *Whitely v. Platte Co.*, 73 Mo. 30; *Jefferson Co. v. Cowan*, 54 Mo. 234; *Colville v. Judy*, 76 Mo. 654; *Anderson v. Pemberton*, 89 Mo. 61. The term *immediate neighborhood*, as used in this statute, means that three of the petitioners must be of that part of the neighborhood lying next to, and adjoining, the proposed road. Webster,

Long v. Talley.

Rapalje, and Bouvier's Dictionaries; L. R. 5 Eq. 104. (a) In expounding a statute we are to presume that the legislature used words in their most usual signification, and according to their popular meaning. *Grosebeck v. Dunscombe*, 41 How. [N. Y.] 302; *Smith v. Mayor*, 47 How. [N. Y.] 277; *Tanner v. Marsh*, 53 Barb. 438. (b) It is only when the phraseology of a statute is ambiguous, that resort may be had to the intention of the legislature to aid its construction. *State ex rel. Attorney General v. Gammon*, 73 Mo. 421 ; *State v. Hays*, 78 Mo. 600; *Railroad v. Railroad*, 2 Mo. App. 62. (c) The court erred in refusing the second declaration of law asked by appellants, and in its finding that three of the petitioners were of the immediate neighborhood, on the evidence presented at the trial. (2) The jury's *first* report of their action in the assessment of damages was of no validity, because it contained no description of the premises, and there were several owners of the real estate, and their damages were not separately assessed, as required by law. Laws 1883, sec. 8, p. 159 ; *Anderson v. Pemberton, supra.* (a) The second report of the jury, which was the one accepted and acted on by both the circuit and county courts in the judgment of location, was likewise a nullity, because it was made and filed after the first day of the next regular term after the appointment of the jury, when their appointment had become *functus officio.* Laws 1883, sec. 8, p. 159 ; *Anderson v. Pemberton, supra.* (b) The failure to file their report in the time specified by the law, was not cured by the amended report filed out of time, and the court erred in refusing appellants' first declaration of law. Road in Reserve, 2 Grant Cases [Pa.] 204 ; *Anderson v. Pemberton, supra.* The judgments of location by the county and circuit courts were nullities, although authorized by the statute, were in violation of section 21, of the bill of rights, because the *quantum* of the damages had not been finally determined, the ex-

ceptions to the jury's report were still pending and undetermined in the county court. Const. 1875, art. 2, sec. 21; *Reitenbaugh v. Railroad*, 21 Pa. 100; 2 Kent's Com. 339, note. However, since the appeal of this case, this court has passed upon the question involved in the foregoing proposition. *Railroad v. Brick Co.*, 85 Mo. 307.

, *W. W. Wood* and *J. M. Crutchfield* for respondents.

(1) It is only such provisions as are for the benefit of the person whose property is to be taken that the law requires to be strictly construed. Such as those requiring notice, appointment of a jury to assess damages, etc. *Shaffer v. St. Louis*, 31 Mo. 264; *Stanford v. Worn*, 27 Cal. 171; *People v. Brighton*, 20 Mich. 57; *Whitely v. Platte Co.*, 73 Mo. 30. (2) The report of the commissioners being in the nature of a verdict, the court could put it in proper form with their consent. *Hill v. Arbuckle*, 13 Mo. 209; *State v. Steptoe*, 1 Mo. App. 19; *Ross v. Thomas*, 3 Mo. App. 472; *State v. Linney*, 52 Mo. 40; *State v. Chumley*, 67 Mo. 41. (3) A case where the commissioners amended their report. *Railroad v. Rowland*, 29 Mo. 337. (4) The county court had jurisdiction of the subject matter of the cause and the persons of appellants, and its action in causing the report to be amended to conform to the requirements of the statute is not void. *Ellis v. Jones*, 51 Mo. 180. (5) A neighborhood is co-extensive with the range of one's frequent intercourse with his fellow-citizens. *Chess v. Chess*, 1 Pa. St. ——. The term further defined: *Esterly v. Cole*, 3 N. Y. 502; *Wood v. Cochran & Smith*, 38 Ia. 484. (6) As the parties appeared and filed exceptions to the adequacy of the damages allowed, the statutory object in requiring the report to be filed on the first day of the term was subserved. *Sutherland v. Holmes*, 78 Mo. 399.

SHERWOOD, J.—This litigation grows out of establishing a public road in Johnson county.

I.   Looking over the evidence in the cause, I see no reason to doubt the correctness of the conclusion reached, both in the county and in the circuit court, that three of the petitioners lived in the "immediate neighborhood" of the proposed road, in the sense those words are employed in the statute. On this point, evidence was adduced, *pro* and *con.*, in the county court, and again in the circuit court, and the finding in this regard should not be disturbed. And it was admitted that the petition was signed by twelve freeholders, as required by law.

II.   The report of the commissioners appointed by the county court to assess the damages caused by opening the road, was filed in vacation, anterior to the term at which they were required to report. At that term, and on the second day thereof, the report being informal, and not sufficiently specific, the commissioners were directed to file an amended report, which they thereupon did, and their report was approved, and the damages assessed being paid to those who were entitled thereto, except Bolejack, for whom the damages assessed were paid into court, the county court ordered the road opened, and continued to its next term the exceptions filed by the remonstrators, who claimed that the damages assessed were insufficient, and asked for a jury to assess their damages. The remonstrators then appealed to the circuit court, where, on trial anew, the same result was reached as in the county court. I have no doubt of the power of the county court to have the report of the commissioners amended, the first report having been filed in due time, and being informal, the report in such case occupying the position of a verdict (*Woodrew v. Younger*, 61 Mo. 395), and where a verdict is

informal, the common course is to direct that it be put in proper shape. *Cattell v. Publishing Co.*, 88 Mo. 356.

III. And when the case was appealed to the circuit court, the *whole* case was removed by the appeal for a trial *de novo*, exceptions and all. *Colville v. Judy*, 73 Mo. 651. If, therefore, the remonstrators were desirous of having their exceptions heard, and of having their damages, etc., assessed by a jury, they should have called the attention of the circuit court to the matter, and insisted on their rights. Having failed to do this at the opportune time in the circuit court, they cannot rely on the point in this court ; for now it must be deemed waived.

IV. And it was competent for the road to be located after the payment of the money into court for the owner; and the *quantum* of damages could have been settled afterwards, as has been decided. *Railroad v. Evans*, 85 Mo. 307. The proper course for the remonstrators to pursue has already been indicated ; but this course they failed to pursue, when opportunity for that purpose was offered them in the circuit court.

V. In so far as the judgment of the county court, as to the route of the road, is departed from, in the judgment of the circuit court, the latter judgment will be modified in this court, by striking out the words "*as near thereto as practicable*," and the judgment as thus modified, will stand affirmed ; but, inasmuch as this error was one of the grounds of this appeal, the costs of the same must be taxed against the petitioners. All concur. Brace, J., absent.