GEORGE WALKER et al., Appellants, v. H. SUNDER-
MEYER et al.

### Division Two, July 16, 1917.

1. **NOTICE: Posting: No Public Place.** Where there is no store, no
blacksmith shop, no school house, no public road in the proposed
drainage district, the posting of the notices upon a maple tree,
a fence post on the line of the interested parties and at other
places along a private road where they will most likely be seen,
is a compliance with the statute which requires the notices to
be posted in at least five of "the most public places" in said dis-
trict.

2. **DRAINAGE DISTRICT: Correcting Commissioners' Report in Cir-
cuit Court.** Where the organization of a drainage district has been
begun in the county court, and has been transferred to the cir-
cuit court by the appeal of the remonstrators, the commissioners'
report may be amended and corrected in matters relating to the
description of each tract of land mentioned therein, and in any
other respect which does not violate the substantial rights of
the parties. Sec. 4091, R. S. 1909, gives the circuit court the
same authority over such amendments as Sec. 5560, Laws 1913,
p. 267, gives the county court.

Appeal from Osage Circuit Court.—*Hon. R. A. Breuer,*
Judge.

AFFIRMED.

*Vosholl & Monroe* for appellants.

(1) The notices must be posted, at least five in num-
ber, within the drainage district at public places, at the
most public places therein. It will not be sufficient to
give jurisdiction to the court to post notices in places,
though public, when such places were not the most public
places therein. R. S. 1909, sec. 5549. The said notices
were not posted in public places, but were posted in and
on private farms. The county court not having acquired
jurisdiction, the circuit court acquired none on appeal.
(2) The appointments of the commissioners by the coun-
ty court to assess benefits and damages to landowners,

upon the finding of the county court creating the district and confirming their report, became *functus officio,* and their amending of their report in the circuit court was unauthorized. This is a condemnation proceeding and the law must be followed strictly. Anderson v. Pemberton, 89 Mo. 65; Laws 1913, p. 267, sec. 5560; Leslie v. St. Louis, 47 Mo. 477; Ellis v. Railroad, 51 Mo. 200; Whitley v. Platt Co., 73 Mo. 30. The commissioners who were appointed to assess the benefits and damages to landowners failed to assess damages and benefits to all lands, indicated by the amendment of their report in the circuit court, and if they made any such assessment it was done during the trial of the cause in the circuit court, to which court the cause came by appeal, and, therefore, unwarranted. Sec. 5560, Laws 1913, p. 267. Upon the confirmation of the report of the commissioners appointed to assess benefits and damages to landowners in this cause by the county court, then the appointment of a new commission was necessary to carry out the purposes for which the district was formed. and as matter of law, the powers of the commissioners appointed to assess benefits and damages ceased and they had no power or right to amend their report upon the trial in the circuit court. Sec. 5560, Laws 1913, p. 267.

*Gove & Davidson, J. R. Garstang, J. P. Peters* and *E. M. Zevely* for respondent.

(1) The five notices were posted in five of the most public places in the drainage district. The return itself is sufficient, but we can prove notice by any other means. Ziebold v. Foster, 118 Mo. 349; McNicoil v. United States, 74 Mo. 457. (2) The circuit court did not err in allowing the commissioners appointed to assess benefits and damages to amend their report at the conclusion of the testimony introduced by respondents showing the facts as to the action of such commissioners. The viewers were not required to go to the deed records to ascertain who owns the land against which they have assessed the benefits and damages. State ex rel.

v. Blair, 245 Mo. 693. Laws relating to drainage and
protection of overflowed lands should not receive the
same construction that courts give to laws governing the
assessment and collection of taxes. State ex rel. v.
Bates, 235 Mo. 262; Wilson v. Drainage District, 257 Mo.
289. The provisions of this article (Art. 3, chap. 41, R.
S. 1909) should be liberally construed to promote the
drainage and reclamation of wet and overflowed lands.
Sec. 5573, R. S. 1909; Wilson v. Drainage District, 257
Mo. 289. A court may correct a verdict of a jury even
after the jury has been discharged and at a subsequent
term of court. Acton v. Dooley, 16 Mo. App. 441. The
amendment of the verdict may be made from the judge's
notes of the evidence or from any other evidence equally
clear and satisfactory which may be submitted to the
consideration of the court. Acton v. Dooley, 16 Mo.
App. 441. Courts may in the trial of a cause on appeal
correct a mistake in the record of an inferior court. An-
derson v. Township, 75 Mo. 57. (3) Under the liberal
amendments authorized by Sec. 5561, Laws 1913, the ac-
tion of the circuit court in allowing the commissioners to
amend their report of the assessment of benefits and
damages was not material, and the most that could be
claimed by appellant would be an irregularity not in-
volving a jurisdictional question. State ex rel. v. Wilson,
216 Mo. 279. The court did not in any way modify the
real findings of the commissioners and it committed no
error in directing them to put their findings in another
form without in any way changing its substance. Bosse
v. Thomas, 3 Mo. App. 480; Ranney v. Bader, 48 Mo.
539; State ex rel. v. Knight, 46 Mo. 83; Henley v. Ar-
buckle, 13 Mo. 209. There is no error materially affect-
ing the merits of the action. Freeland v. Williamson,
220 Mo. 229; Stumpe v. Kopp, 201 Mo. 412; Manse v.
Boerr, 222 Mo. 115; Berry v. Railroad, 214 Mo. 293.

WHITE, C.—The appeal is from a judgment of the
circuit court of Osage County establishing a drainage
district in said county known as "Shawnee Creek Drain-
age District of Osage County," and declaring the same a

body corporate. The respondents here were the original petitioners before the county court of Osage County, and the appellants here were remonstrators.

The matter reached the circuit court upon an appeal by the remonstrators from a judgment of the county court where the report of commissioners, appointed under section 5551, Revised Statutes 1909, was approved, and the objections of remonstrators overruled. The judgment of the circuit court on a trial anew "approved and confirmed" the order and judgment of the county court.

I. Appellants claim that the county court did not acquire jurisdiction of the matter by reason of the failure of the clerk of the county court to post the notices required by section 5549, Revised Statutes 1909. This section provides that the county court, upon the filing of the petition for the formation of the district, shall cause three weeks' notice of its presentation and filing to be given in three different ways: First, by posting such notice in at least five of the *most public places* in said proposed district; second, by causing a copy of the same to be served on each landowner or person interested residing in any county affected by the proposed work; and, third, by publishing the notice for three successive weeks in some newspaper. No question is raised as to the proper service of the notice by the second and third methods. It is claimed only that there was a failure to post the five notices in "five of the most public" places in the proposed district.

The same section provides that the "certificate of the clerk or the affidavit of any other credible person, affixed to a copy of said notice, shall be sufficient evidence of the posting," etc. The record shows the affidavit of F. W. Hoehner to the effect that he posted the notices, describing the five places where he put them, and stating that those places were "five of the most public places in Shawnee Creek Drainage District as described within the aforesaid notice," etc.

*Posting Notices.*

It appears that the petitioners were not content to stop with this affidavit, but introduced evidence to show where the notices mentioned in the affidavit were posted. This testimony shows, among other things, that there was no post office in the proposed district, no store, no blacksmith shop, no school house, and no public road; the appellants claim, therefore, that there was no public place in the district at which a notice could be put up. The places mentioned in the affidavit and identified by the witnesses were: a maple tree at a certain point near the line between two of the parties interested, a fence post on the line of one of the parties, and other like places. It was shown that these places were along private roads and places where they would be most likely to be seen by anyone passing through the district and were, in fact, "the most public places in the district." There were only three families living in the district. Under the construction contended for by the appellant it would be impossible to give proper notice and form a district unless there were five places in the district which might be called public places. The statute contemplates the formation of drainage districts in places not easily accessible to the public and for that reason the words "most public places" were used instead of "public places" unqualified. The finding by the trial court that the posting of the notices was in compliance with the statute is sustained by the evidence.

II. Another assignment of error by appellant was the action of the trial court in permitting the commissioners to amend their report. After the case got into the circuit court, and after hearing the testimony, the circuit court ordered the report of the commissioners to be corrected and it was corrected in open court. The correction related to the description of each tract of land mentioned in the report. The original report correctly gave the boundaries of the district and correctly stated the number of acres owned by each person, without giving correctly the description of each tract. The

*Amending Commissioners' Report.*

amendment made the description of the several tracts more definite and certain and possibly had the effect in some instances of including some parts which had been left out of the specific descriptions in the original report. The changes made did not affect the amount of dam-ages awarded, nor the amount assessed as benefits, nor in any respect tend to affect the purpose of the report.

Section 5560, Revised Statutes 1909, as amended by the Act of 1913, Laws 1913, page 267, provides, among other things, upon a hearing of the report and remon-strance: "If the court finds from a hearing duly had that the report requires modification, the same may be referred to the commissioners, who may be required to modify the report in any respect."

This reference, of course, is to a proceeding in the county court and authorizes that court to modify the re-port "*in any respect*," which would not violate the sub-stantial rights of the parties.

It is not contended by appellants that the amend-ment could not have been made in the county court. They only claim that the circuit court was powerless to make it after an appeal there. In that appellants over-look the effect of an appeal to the circuit court from the judgment of a county court. Section 4091, Revised Statutes 1909, gives the circuit court appellate jurisdic-tion of judgments and orders of the county courts in the following terms:

"In all cases of appeal from the final determination of any case in a county court, such appeal shall be pros-ecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from justices of the peace to circuit courts, and when any case shall be removed into a court of appellate jurisdiction by appeal from a county court, such appellate court shall thereupon be possessed of such cause, and shall proceed to hear and determine the same anew, and in the *same manner as if such case had originated in such appellate court.*"

The effect of this statute is to give to the circuit court on appeal exactly the same authority and jurisdic-

tion in every particular as that enjoyed by the county court from which the appeal is taken and any amendment, correction or modification that might be ordered in the commissioners' report in the county court can be ordered in the circuit court. All parties affected were before the court. [King's Lake Drainage and Levee District v. Jamison, 176 Mo l. c. 566; Allen v. Welch, 125 Mo. App. 278, l. c. 287; Long v. Talley, 91 Mo. 305.] This statute relating to drainage districts must be "liberally construed to promote the drainage and reclamation of wet and overflowed lands." This is provided in the act itself, apparently in order to cover irregularities and the embarrassment caused by mistakes and blunders in a proceeding of this kind. [Sec. 5573, R. S. 1909; Wilson v. Drainage Dist., 257 Mo. l. c. 289.]

No error is discernible in the record; the proceeding seems to have been entirely regular.

The judgment is affirmed.

*Roy, C.,* concurs.


PER CURIAM:—The foregoing opinion of WHITE, C., is adopted as the opinion of the court. All of the judges concur.