MARY E. IVIE, Appellant, v. JOHN S. BAILEY ET AL.—5 S. W. (2d) 50.

Court en Banc, March 17, 1928.

*Higbee & Mills* for appellant.

*Irwin & Bushman* for respondents; *Scott J. Miller* of counsel.

WALKER, C. J.—This action was brought in the Circuit Court of Adair County by the appellant against the respondents as directors of the Mutual Bank of Greencastle, to recover the amount of deposits made by her in said bank. The respondents' demurrer to the petition was by the court sustained, and upon the appellant refusing to plead further a judgment was entered for the respondents, from which appellant has perfected an appeal to this court, which has jurisdiction by reason of the constitutional questions involved.

The Mutual Bank of Greencastle became insolvent and ceased to do business in May, 1925, and its business was taken over by the Finance Department of this State. The respondents were, at the time, the qualified and acting directors of the bank and as such were in charge of the management of its business and knew of its insolvency and its inability to pay its legal obligations. The appellant was a depositor in said bank at the time of its failure and when it ceased to do business, and had on deposit therein cash and a certificate of money deposited therein subject to check by the depositor in the sum of $755.20; that said sum has been lost to the depositor by reason of the failure of said bank and is due to her from the respondents as directors of the same.

The plaintiff in summarizing the allegations of her petition thus sharply defines the issues:

"Plaintiff further states that because of the insolvency of said bank at the time said moneys were deposited, and because of the knowledge of said insolvency, on the part of these defendants, as directors thereof, a cause of action has accrued in favor of this plaintiff, and against the defendants, for the said sum of money so lost to plaintiff as aforesaid."

An epitome of the demurrer to the petition, sustained by the trial court, after general allegations that the same stated no cause of action, is in effect as follows: that plaintiff's (appellant's) cause of action, if any she has, exists by virtue of Sections 11763 and 11764 Revised Statutes 1919; that these sections are no longer in force, but have been repealed by the enactment of Section 11724, Revised Statutes 1919, the provisions of which are in conflict with Sections 11763

and 11764; that Section 11724 was enacted subsequently to Sections 11763 and 11764; that the two latter sections are unconstitutional and void as in violation of Section 9, Article XII, of the Constitution of this State, which provides that in no case "shall any stockholder, in any corporation, be individually liable for any amount over and above the amount of stock owned by him or her;" that the said sections are void in that they are in conflict with Section 12 of Article II of the Constitution, which provides that prosecutions for criminal offenses shall be limited to indictments and informations; and that said sections are in conflict with Section 27, Article XII, of the Constitution, which provides that "it shall be a crime, the nature and punishment of which shall be prescribed by law, for any president, director, manager, cashier or other officer of any banking institution, to assent to the acceptance of any deposits, or the creation of debts by any banking institution, after he shall have knowledge of the fact that it is insolvent, or in failing circumstances;" that the respondents' liability, if it exists as stated in the petition, is purely penal and must be proceeded against as provided in Section 27, Article XII; that said sections attempt to authorize, in a civil proceeding, the recovery of an amount claimed to be due and to apply the proceeds arising from the judgment thereon to the satisfaction of a private debt, when the respondents under the Constitution are only liable for a penalty which when recovered is payable into the county school fund under Section 8 of Article XI of the said Constitution; that said sections are invalid in that they seek to authorize the taking of private property for private use without compensation in violation of Section 20 of Article II of said Constitution; that said sections are invalid in that they violate the Fifth Amendment of the Constitution of the United States providing that no person shall be deprived of life, liberty or property without due process of law, and finally that said sections are violative of Section 1 of the Fourteenth Amendment of the Constitution of the United States, as abridging the rights and immunities of the citizens of the United States so as to deprive them of their property without due process of law.

Section 11763 is as follows: "No president, director, manager, cashier, or other officer or agent of any bank organized and doing business under the provisions of this article, shall receive or assent to the reception of deposits, or create or assent to the creation of any debts of such bank, after he shall have knowledge of the fact that it is insolvent or in failing circumstances. Every person violating the provisions of this section shall be individually responsible for such deposits so received, and all such debts so contracted: *Provided*, any director who may have paid more than his share of the liabilities mentioned in this section may have his proper remedy at law against

such other persons as shall not have paid their full share of such liabilities; *and provided further*, that in case of the insolvency of one or more such officers, agents or managers, the same shall be paid, for the time being, by those who are solvent, in equal proportions.''

Section 11764 is as follows: ''In all suits brought for the recovery of the amount of any deposits received, or debts so created, all officers, agents or manager of any such bank charged with so having assented to the reception of such deposits, or the creation of such debt, may be joined as defendants or proceeded against severally and the fact that such bank was so insolvent or in failing circumstances at the time of the reception of the deposit charged to have been so received, or the creation of the debt charged to have been so created, shall be prima-facie evidence of such knowledge and assent to such deposit or creation of such debt on the part of such officer, agent or manager so charged therewith.''

Section 11724 is as follows: ''At any time while the commissioner is in possession of the property and business of any such corporation, he may, within six years after the cause of action has accrued, institute and maintain in his name as bank commissioner against its directors, trustees, managers, or officers, or any of them, any action or proceeding which is vested in such corporation or in the stockholders or creditors thereof.''

I. Respondents contend that in the enactment of Section 11724, Sections 11763 and 11764 were repealed and that any right of action the appellant may have in this cause is limited to Section 11724 and must be exercised in the manner provided in said section. The nature and purpose of these sections are subjects of consideration in determining the cogency of this contention. We find all of these sections incorporated in the revised law concerning the State Banking Department and Banks and Trust Companies, enacted in 1915, Laws 1915, pages 103-195, which has been carried forward in the Revised Statutes of 1919. with amendments from time to time not relevant to the matter at issue.

Section 11724 appears in Article I of the Statute of 1915 as Section 53: Section 11763 and 11764 appear in Article II of the Statute of 1915 as Sections 91 and 92. Section 53, now 11724, was enacted to authorize the Bank Commissioner to institute and maintain such actions against its directors and other persons named, as are vested in the bank itself or its stockholders or creditors. Section 91, now 11763, declares that directors and other officers of the bank named therein, who shall receive or assent to the reception of deposits, etc., in said bank when it is insolvent or in failing circumstances, shall be individually responsible for such deposits so received and such

debts so contracted. Section 92, now 11764, provides the manner in which the directors and other officers who have violated Section 11763 shall be proceeded against and what shall constitute prima-facie evidence of the insolvency or failing condition of the bank at the time of the reception of the deposit.

It will be seen from the synopses of these sections that the power conferred upon the Bank Commissioner under Section 11724, grows out of and is a part of his duties as such official. This is evident from the fact that actions thus instituted are not only to be brought in his official name, but must be of such a nature as to be vested in the bank or the stockholders or creditors. There is no vesting in either the bank or its stockholders or creditors of the right to sue directors collectively or individually to recover from them amounts claimed by depositors who have made deposits in the bank when the same was insolvent or in a failing condition. No such power having been vested as stated in the section it cannot be held to exist in the Commissioner. He is a statutory officer, the exercise of whose powers is limited to the letter of the law. Thus limited, the exercise by him of implied powers is unauthorized except where the implication is evident and the power to be exercised is necessary to the complete performance of his defined duties. Under the State Banking Statute (Art. I, chap. 108, R. S. 1919), the power to institute actions under said statute is, in a number of sections, vested in the Attorney-General; other than the power thus conferred, the Commissioner, except as provided in Section 11724, has no such power. We are not unmindful that power to bring suits is granted to the Commissioner in Sections 11713 and 11715 (as amended, Laws 1927, p. 250); but an examination of these sections will disclose that the power there vested has relation and is necessary to the complete discharge of his duties as Commissioner in the settlement of the affairs of the bank. Nothing in these sections, even by remote implication, confers any power upon the Commissioner to bring an action as in the instant case. In the absence of this power it cannot be held that Section 11724, regardless of the time of its enactment, effected a repeal of Sections 11763 and 11764. These sections created a liability and prescribe a remedy whereby the directors of a bank may be held liable for deposits received into a bank when, within their knowledge, the latter was insolvent or in a failing condition; and provide a remedy enabling the depositor to sue such directors and obtain a judgment for the amount deposited.

II. It is contended that Sections 11763 and 11764 are unconstitutional in that they are in violation of Section 9 of Article XII of the State Constitution. This section provides that "dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholders be individually liable in

any amount over or above the amount of stock owned by him or her.''
The Legislature has enacted no law for the enforcement of this section.
A Constitution is not self-enforcing, except when a special provision
is made for that purpose. Not only is no such provision made in the
section, but on the contrary legislative action is, by its terms, rendered
necessary to its enforcement. [Sharp v. Nat. Bis. Co., 179 Mo. l. c.
563.] It has been frequently construed to the effect that a stockholder
thereunder is not liable for the debts of the corporation if he has paid
the full amount due for the stock subscribed for or owned by him.
[Schricker v. Ridings, 65 Mo. 208; Gausen v. Buck, 68 Mo. 545; Steam
Stone Cutter Co. v. Scott, 157 Mo. l. c. 524.] The right to a summary
remedy of a creditor by execution against the stockholders of a corpo-
ration to the extent of the amount of the unpaid balance due on any
stock owned by such stockholder is given by Section 9764, Revised
Statutes 1919; and Section 9766 prescribes the manner in which
creditors may sue stockholders of a dissolved corporation for the re-
covery of such portion of the debts of the corporation for which the
stockholders are liable. These sections, however, are not to be con-
strued as providing remedies by which the constitutional provision
may be enforced, but independently of the latter, they simply pro-
vide a more efficacious remedy for enforcing the liability of stock-
holders and are not in conflict with the constitutional provision. By
their terms they are alike applicable to all private corporations. By
parity of reasoning and with equal propriety, Sections 11763 and
11764, like in their effect as affording a more efficacious remedy for
enforcing the claims of creditors against the directors of a bank,
should be held not to be in conflict with the constitutional provision.
Further than this, if it be held that said provision, despite its ex-
press terms, is declaratory of a right of action under the common
law, it cannot be held to be exclusive and the remedy given by the
said statutory sections may, without doing violence to the rules of
interpretation, be held to be concurrent with, not only the constitu-
tional provision, but with Sections 9764 and 9766, supra.

III. The constitutional limitation (Sec. 12, Art. II) concerning
the manner in which crimes must be prosecuted is said to be violated
by the construction given to Sections 11763 and 11764 in the proceed-
ing at bar. It is enough to say that this is in no sense a
criminal proceeding. While the first portion of Section 27
of Article XII of the Constitution declares it to be a crime for the
officers of a bank, including the directors by name, to receive or as-
sent to reception of money or the creation of debts by such institution
when, with their knowledge, the same is in a failing condition, it is
subsequently provided that ''such officer, agent or manager so receiv-

ing or assenting to such deposit or the creation of such indebtedness shall be individually responsible for such deposits so received or such debts created with his assent." The latter portion of the section in considering its nature and the purpose of its adoption should be construed as creating a civil liability. That the first part of the constitutional provision required legislative action to render it operative may be admitted. Recognizing this necessity the Legislature enacted what is now Section 3365, Revised Statutes 1919, supplementing and giving legislative approval to the constitutional provision and providing a punishment for the crime thus created. While it was held in Fusz v. Spaunhorst, 67 Mo. 256, that the latter part of Section 27 of Article XII, creating a civil liability, was not self-enforcing this construction was overruled in Cummings v. Winn. 89 Mo. 51. Judge HENRY, speaking for the court in that case, said (p. 57) : "It declares the individual responsibility of the guilty officer, confers a right upon the depositor, or creditor, to recover of such officer his debt, or deposit. When the law gives a right, but prescribes no remedy, any common-law action may be resorted to, adapted to the case, and. under our code, there can be no difficulty as to the remedy. We have in this State 'but one form of action for the enforcement, or protection of private rights, and redress, or prevention of private wrongs, which shall be denominated a civil action.' Sec. 3461 (Now Sec. 1153, R. S. 1919). The petition shall contain: 'A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition.' Sec. 3511 (Now Sec. 1220, R. S. 1919). The Constitution gives the right, and our code supplies a remedy. The statute was enacted to enforce the above constitutional provision, and it contains everything essential to confer the right upon the depositor, and it was unnecessary to prescribe the remedy, for that is found in the code and the common law. '*Ubi jus ibi remedium.*' "

We are concerned with the foregoing ruling only so far as it is determinative of the creation of a civil liability under the second provision of the constitutional section here under consideration . While the holding as to its enforceability without judicial action is, under the rules of interpretation correct, it was unnecessary in view of the fact that subsequent to the adoption of the Constitution in 1875 the Legislature in 1877 (Laws 1877. p. 35) adopted a statute (now Secs. 11763 and 11764), definitely providing a method for the enforcement of the civil liability created by the constitutional section. There is therefore no merit in the contention that Sections 11763 and 11764 are violative of Section 12 of Article II or Section 27 of Article XII of the State Constitution. A civil liability having been created or if it existed at common law, recognized by the Constitution, and a method having been provided by Sections 11763 and 11764 for its enforce-

ment, no consideration need be given to the contentions that the respondents are only liable under Section 8 of Article II of the Constitution for a penalty.

IV. It is further contended that the remedy provided by Sections 11763 and 11764 is violative of Section 20 of Article II of the State Constitution, in that the enforcement of the provisions of these sections constitutes a taking of private property for private use. The rule of construction applicable to the constitutional provision here under review is that by "the taking of private property for a private purpose" is meant a taking for the benefit of a particular, person or a limited number of persons. Under the facts at bar the remedy provided by Sections 11763 and 11764 is not within the inhibition of the constitutional provision. These sections are general in their nature and application. Possessing these characteristics and having been enacted to afford a remedy for a liability created by the Constitution itself (Sec. 27, Art. XII), it cannot be held that they are violative of the constitutional provision under consideration.

V. Nor do the statutory sections violate the due process provisions of either the State or the Federal Constitution. By due process of law defined in terms of the equal protection of the law, is meant in each particular case, such an exercise of the powers of government as the settled maxims and rules of procedure sanction, and such safeguards for the protection of individual rights as those maxims and rules prescribe for the class of cases to which the one in question belongs. It means, in short, the law of the land. No requisite is lacking in these sections to afford the respondents due process or the equal protection of the law. The Constitution creates the liability, the statutory sections prescribe the remedy and in the enforcement of the same, notice and a hearing is accorded to the respondents. Further than this in the enforcement of the remedy prescribed by these sections no right was denied to the respondents to which any litigant would have been entitled under like circumstances. There is, therefore, no tenable ground of complaint on this score.

The demurrer, as is attested by the brief of the respondents, is leveled at the alleged invalidity of Sections 11763 and 11764 as being insufficient on constitutional grounds alone to sustain the petition. These objections have, in their order, been reviewed and held not tenable. The judgment of the trial court, is therefore, reversed and the cause remanded to be proceeded with as herein indicated. *Atwood, Blair* and *Gantt, JJ.*, concur; *Graves, Ragland* and *White, JJ.*, concur in the result.