(No. 26539.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* A. R. SIMCOX *et al.* Appellants.

*Opinion filed March 17, 1942.*

WALTER G. GROSSMAN, KARL M. MILGROM, JOSEPH F. RUTHERFORD, and HAYDEN C. COVINGTON, for appellants.

GEORGE F. BARRETT, Attorney General, and TRAFTON DENNIS, State's Attorney, (HARRY J. FLANDERS, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants were convicted in the circuit court of Saline county of violating section 224a of the Criminal Code. (Ill. Rev. Stat. 1939, chap. 38, par. 471.) The question comes here for direct review since the validity of that act is questioned.

Separate complaints were filed before a justice of the peace in said county, charging that appellant Bevins on December 3, 1940, did "unlawfully present and in a public place exhibit a certain sketch and publication," describing it, contrary to the provisions of that statute. The same charge was made against defendants A. R. and Nancy Simcox, except as to date, which is charged as September 11, 1940.

The act alleged to have been violated reads as follows: "It shall be unlawful for any person, firm or corporation to manufacture, sell, or offer for sale, advertise or publish, present or exhibit in any public place in this state any lithograph, moving picture, play, drama or sketch, which publication or exhibition portrays depravity, criminality,

unchastity, or lack of virtue of a class of citizens, of any race, color, creed or religion which said publication or exhibition exposes the citizens of any race, color, creed or religion to contempt, derision, or obloquy or which is productive of breach of the peace or riots. Any person, firm or corporation violating any of the provisions of this section, shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not less than fifty dollars ($50.00), nor more than two hundred dollars ($200.00.)"

A finding of guilty in each case was made by the justice of the peace and separate appeals were taken to the circuit court where the causes were consolidated and on pleas of not guilty, a trial *de novo* had before a jury. At the close of all the evidence appellants moved for a directed verdict of not guilty. They raised the question of the validity of the act, contending that it violated constitutional provisions of right of freedom of speech and the press, and to worship Almighty God, contrary to section 1 of the fourteenth amendment of the constitution. This motion was overruled. They were convicted and each fined $50 and costs.

There is no dispute in the evidence, which was that defendant A. R. Simcox and his wife, Nancy, on the 11th day of September, 1940, were going into homes in Harrisburg, when permitted to enter, and leaving certain pieces of literature, some of which were in evidence on the trial, unless the occupants told them they did not care to have them. The record shows that these tracts and books, some of which were put in evidence, were offered for distribution only in private homes. Simcox and his wife were arrested while thus engaged. Bevins, who was engaged in the same practice, was arrested on December 5 at the home of one Douglas.

There is no evidence whatever that any of these witnesses offered to sell or distribute these tracts and books or present or exhibit any of them in any public place. The

brief for the People states that these defendants admitted that they were distributing these pamphlets and tracts in public places. The record, however, is devoid of any evidence to that effect. While defendant Simcox stated that they were distributing literature on the streets, it is evident from his testimony that they were distributed only to people living in the houses. He stated they were going along the streets into private homes and that they did not go into homes where they were not wanted.

The gist of the offense, as we construe that part of the statute, applicable here, is the unlawful sale, or offering for sale, advertising or publishing, presenting or exhibiting any such books, pamphlets, lithographs or sketches, etc., "in any public place in this State." Under the plea of not guilty entered by the defendants, it was necessary that the State prove as a part of its case, that these defendants were distributing the books and tracts in a public place. Each witness testified that he obtained the booklet from one or the other of these defendants in his, the witness,' home, or where witness was calling.

Bouvier's Law Dictionary defines "public place" as: "Any place so situated that what passes there can be seen by any considerable number of persons, if they happen to look." Corpus Juris (vol. 48, p. 1215) classifies "public place" as "a relative term." What is a public place for one purpose may not be for another. "Public place" has been variously defined as: "Any place where the public are invited or permitted to go or congregate," (*State* v. *Barker*, 119 Kans. 853, 241 Pac. 253;) "a place openly and notoriously public; a place of common resort," (*Cahoon* v. *Coe*, 57 N. H. 556;) "a place where all persons have a right to go and be," (*State* v. *Welch*, 88 Ind. 308;) "a place which is in point of fact public, as distinguished from private, or one that is visited by many persons and usually accessible to the neighboring public." *King* v. *Brown*, 100 Tex. 109, 94 S. W. 328.

The People's evidence as to appellant Bevins is that on December 3, 1940, he was in the house of one Henry Douglas and while in the presence of witnesses Cullom and Sullivan played two or three records on a phonograph and certain ones of those present bought several books paying Bevins ten cents for them. There is no proof that distribution or sale of the pamphlets, books, or a "sketch," as that term is used in the briefs, was made in any public place. All were made upon calls to the residences of people living in Harrisburg. Therefore there is no proof to substantiate the charge that the defendants were distributing or exhibiting certain "sketches" or publications in a public place. As this was the gist of the charge as laid in the statute, it was error to find the defendants guilty under their plea of not guilty. There being no evidence in the record to substantiate the charge, it is unnecessary to consider the question of the constitutionality of the act.

The judgment of the circuit court of Saline county is reversed.

*Judgment reversed.*