STATE OF MISSOURI at the relation of STATE HIGHWAY COMMISSION OF MISSOURI, Respondent, v. JOSEPH F. RASCHER and TERESA RASCHER, Appellants.—No. 38227.—169 S. W. (2d) 941.

Division One, April 6, 1943.

*Gilbert Lamb* for appellants.

*Raymond G. Barnett* and *Ralph M. Eubanks* for respondent.

GANTT, J.—Action in condemnation. Statutory commissioners assessed the landowners' damages at $350.00 for land appropriated by the Highway Department for public use. The land is located along U. S. Route 24, and in Chariton County. On the report of the commissioners, the Highway Department paid the $350.00 to the circuit clerk, who delivered the same to the landowners. The Highway Department also paid the clerk the costs "up to and including the filing and copying the report of the commissioners." On exceptions filed by both the Highway Department and the landowners to the report of the commissioners, a trial before the court and a jury resulted in a verdict assessing the landowners' damages at $214.04. Thereupon judgment was entered in favor of the Highway Department for $135.96, the difference between the award of the commission and the verdict of the jury. As a part of the judgment, the costs of the trial in the circuit court on the exceptions were taxed against the Highway Department. Thereafter and more than four days after the judgment on the verdict was entered but during the same term of court, the Highway Department filed a motion to retax the costs. The motion was sustained during the same term of court and judgment entered taxing the costs of the trial on the exceptions equally against the Highway Department and the landowners. The landowners' motion for a new trial on the retaxing of said costs was overruled, and in due course the landowners appealed. The appeal only challenges the action of the trial court on the taxation of the costs.

I. The landowners contend that the court was without authority to entertain the motion to retax the costs because it was not filed within four days after judgment on the verdict.

The said motion was without force and effect as a motion in the case. It would not have carried the question over to the next term of court. Even so, the court had authority on its own motion to modify that part of the judgment taxing costs during the same term of court. In effect, ▮▮▮ the action of the court in sustaining the

motion was a retaxation of the costs on the court's own motion. In other words, the motion to retax the costs directed the court's attention to the question of taxation of costs which caused the court to reconsider the question and rule the same on its own motion. [Ewart v. Peniston, 233 Mo. 695, 1. c. 712, 136 S. W. 422; Reid v. Moulton, 210 S. W. 34, 36; Brugge et al. v. Bank of Wellston, 74 S. W. (2d) 835, 841; Savings Trust Co. v. Skain, 345 Mo. 46, 131 S. W. (2d) 566, 574; Houts on Mo. Pleading & Practice, Vol. III, p. 81.]

The landowners cite Clancy v. Herman, C. G. Luyties, R. E. Co., 321 Mo. 282, 10 S. W. (2d) 914, 915, and Graden v. Patrick, 162 S. W. (2d) 287, 289. Those cases are not in point. The Graden case only gave consideration to a motion to tax costs which was filed within four days after judgment on the verdict. The Clancy case only gave consideration to the failure to file the motion to tax costs within four days after judgment on the verdict that the question might be presented to the appellate court for review. In the instant case, on the court entering judgment on its own motion retaxing the costs, the landowners filed a motion for a new trial, which was overruled, and in due course they appealed.

II. The landowners also contend that "any law or statute having for its purpose the taxing of any part of the reasonable costs incurred in ascertaining the damages to which a landowner is entitled in a condemnation proceeding, such as this, and any attempt to enforce such law by a judgment of a court, violates his rights under Section 21 of Article II of the Constitution of Missouri, which guarantees the property owner just compensation for his private lands taken for a public use." In other words, they argue that the taxing of costs against them reduced the damages awarded by the court and jury, and for that reason violated the "just compensation" provision of the constitution. The challenged statute follows:

"The cost of the proceeding to appropriate the right of way shall be paid by the company seeking the appropriation, up to and including the filing and copying of the report of the commissioners; and the court, as to any costs made by subsequent litigation, may make such order as in its discretion may be deemed just. . . ." (Sec. 1509, R. S. 1939).

The constitutional provision for consideration follows:

"That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury, or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested. . . ." (Sec. 21, Art. II, Const. of Mo.).

In prescribing the manner of ascertaining "just compensation," the legislature provided for the appointment of three commissioners

to assess the damages. (Sec. 1506, R. S. 1939.) In doing so it complied with Sec. 21, Art. II. of the constitution. It should be noted that this provision of the constitution is self-enforcing. Furthermore, the landowner has no constitutional right to a trial by jury in condemnation cases. Thus it appears that the legislature could have made no further provision with reference to the matter. However, it has the inherent power of eminent domain subject to constitutional limitations. In the exercise of that power, it further provided that on exceptions filed by either party, the court may, at the request of either party, order a new appraisement ''by a jury, under the supervision of the court, as in ordinary cases of inquiry of damages.'' Of course, a trial by the court and a jury necessarily creates costs.

In the instant case the landowners rejected the damages awarded by the commissioners. They voluntarily entered the field of speculation and thereby sought to increase the damages awarded as ''just compensation'' under the constitution and statute enacted in compliance therewith. In doing so they exercised their right under the statute to litigate the question ''as in ordinary cases of inquiry of damages.'' In other words, they rejected a method provided by the constitution and statute enacted in compliance therewith for determining the question of ''just compensation.'' It follows that under the facts of this case the legislature had constitutional authority to authorize the court to tax the costs of the trial before the court and jury, as provided in Sec. 1509, R. S. 1939. Of course, it ▮▮▮ may be possible, in a condemnation case, for the trial court to violate said provision of the constitution in taxing costs under facts different from the facts of the instant case.

The landowners cite Lewis, Eminent Domain (3 Ed.), Vol. II, p. 1434, Sec. 812. On the question Lewis, Eminent Domain, states generally in said section as follows:

''It seems to us that courts should be guided by the following principles and considerations in the matter: By the constitution the owner is entitled to just compensation for his property taken for public use. He is entitled to receive this compensation before his property is taken or his possession disturbed. If the parties cannot agree upon the amount, it must be ascertained in the manner provided by law. As the property cannot be taken until the compensation is paid, and as it cannot be paid until it is ascertained, the duty of ascertaining the amount is necessarily cast upon the party seeking to condemn the property, and he should pay all the expenses which attach to the process. Any law which casts this burden upon the owner should, in our opinion, be held to be unconstitutional and void.''

Under the statute in this state (Sec. 1506, R. S. 1939) ''just compensation'' is ascertained and the same is paid to the landowner ''before his property is taken or his possession disturbed.'' Furthermore, the costs of ascertaining said compensation are taxed against and

paid by the condemnor. (Sec. 1509, R. S. 1939.) Furthermore, Lewis, Eminent Domain, further states in Sec. 812 as follows:

"When the compensation has once been ascertained by a competent tribunal, at the expense of the condemning party, the law has done all for the owner which the constitution requires. If the owner is given a right of appeal or review, it may be upon such terms as to costs as the legislature may deem just."

Furthermore, Lewis, Eminent Domain, further states (p. 1438, Sec. 815) as follows:

"Where the owner is dissatisfied with the amount of damages awarded him in the first instance, and takes an appeal or other proceedings to have a reassessment of the damages, it is usual to provide that he shall pay the costs of the appeal if he fails to secure an increase of damages, and such provisions are proper and valid."

Thus it appears that said text is an authority against the contention of the landowners.

They also cite 20 C. J., p. 1220, Sec. 581. The latest comment on the question in C. J. will be found in C. J. S., Vol. 30, p. 80 et seq. In substance it is stated that due to differences in constitutional and statutory provisions, there is a conflict in the authorities. However, under Sec. 384, p. 86, C. J. S., it is stated that: "In some jurisdictions, however, it has been held that such a constitutional provision (for just compensation) does not preclude the condemning party from recovering costs on an appeal (exception) taken by a landowner. At least where the landowner is unsuccessful."

They also cite cases as follows: In re N. Y. W. S. & B. R. Co., 94 N. Y. 287; Land & Canal Co. v. Hartman, 29 Pac. 378; Epling v. Dickson, 48 N. E. 1001; Brainard v. State, 131 N. Y. S. 221; Stolze v. Milwaukee, etc., R. Co., 88 N. W. 919; Burrill v. Martin, 12 Me. 345; City, etc., San Francisco v. Collins et al., 33 Pac. 56.

In the N. Y. W. S. case the appeal (exception) was taken only by the condemnor. In the course of the opinion the court stated as follows: "If the appeal . . . had been taken by the landowners, and they had been defeated, it may be that the court could, in its discretion, have compelled them to pay the costs to which they had subjected the company by such an appeal."

In the Land & Canal case, in the course of the opinion, the court stated as follows: "We do not assert that, if respondent appeals from an award, the legislature or court may not make a reasonable regulation or order requiring him, under proper circumstances, to bear the whole or a part of the costs of the appeal."

The other cases cited were ruled under facts and constitutional and statutory provisions different from the facts and constitutional and statutory provisions in the instant case.

The judgment should be affirmed. It is so ordered. All concur.