Harry WANN, Franklin W. Hoehn, Ray Flesher, Charles F. Hennrich and C. P. Gray, Appellants,

v.

REORGANIZED SCHOOL DISTRICT NO. 6 OF ST. FRANCOIS COUNTY, Missouri, Respondent.

No. 44934.

Supreme Court of Missouri.

Division No. 2.

Aug. 2, 1956.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 10, 1956.

Marvin L. Dinger, Charles E. Gray, Byron A. Roche, St. Louis, for appellants.

Roberts & Roberts, J. Richard Roberts, Cayce & Manley, R. B. Manley, Farmington, for respondent.

STOCKARD, Commissioner.

This is an appeal by plaintiffs from an adverse judgment in their efforts to challenge the validity and contest the results of a school bond election. Jurisdiction is in this court because the determination of one of the principal issues turns on the construction of Article VI, section 26(g), Constitution of Missouri, 1945, V.A.M.S.

On October 9, 1954 there was submitted to the qualified voters of Reorganized School District No. 6 of St. Francois County, Missouri, the proposition to authorize the said school district to borrow the sum of $40,000, and to issue negotiable bonds therefor, for the purpose of constructing new and repairing existing school facilities. According to the official returns the proposition received a favorable vote of more than the required two-thirds majority. See Article VI, § 26(b), Constitution of Missouri 1945, V.A.M.S. On October 29, 1954 plaintiffs filed their peti-

tion in which they contended that the election was illegal in that the notices required by Section 165.040 RSMo 1949, V.A.M.S., were not properly posted, and in which they sought to contest the results of the election for the alleged reasons that persons not qualified were permitted to vote and the ballots were incorrectly counted. The trial court, on motion of the defendant, struck out of the petition all allegations pertaining to a contest of the results of the election, and permitted the cause to go to trial only on the issue of whether notices had been posted for the required period of time in the required places. After hearing, the trial court found this issue for the defendant.

Prior to the effective date of the present constitution this court ruled that a circuit court had no jurisdiction to hear and determine an election contest of the type here sought. Long v. Consolidated School Dist. No. 7, Kingsville, Johnson County, 331 Mo. 302, 53 S.W.2d 867; Boney v. Sims, 304 Mo. 369, 263 S.W. 412; Remington v. Flemington School Dist., Mo.Sup., 22 S.W. 2d 800. See also State ex rel. Wahl v. Speer, 284 Mo. 45, 223 S.W. 655; and Arkansas-Missouri Power Corporation v. City of Potosi, 355 Mo. 356, 196 S.W.2d 152. In the Speer case this court stated [284 Mo. 45, 223 S.W. 659]: "The right of citizens and taxpayers to honest elections is meant to be protected by the judges who supervise the voting at the polls; and so far this protection has been deemed by the Legislature [to be] sufficient in case of elections like the one in controversy. The statutes impose on the judges the duty of passing on the qualification of voters, and of deciding whether a person who offers to vote is entitled to do so. In the performance of this duty, the judges act in a judicial or a quasi judicial capacity." The court also pointed out that elections to authorize the incurring of public debts have been conducted in this state from an early day, and the rule has always been that there can be no contest of any election except as specifically authorized by law. Arkansas-Missouri Power Corporation v. City of Potosi, supra, involved an

attempt to challenge the validity of an election to authorize the issuance of bonds, and it was there stated [355 Mo. 356, 196 S.W.2d 154]: "Equity generally affords redress in cases of fraud but an exception exists where an exercise of political power is involved, it being considered to lie outside the sphere of equity; and for this reason a charge of fraud has been held insufficient to vest a chancery court with jurisdiction over an election contest."

Appellants concede that no statutory authority exists to contest the election in this case and that the courts have previously announced the rules above summarized, but they assert that those rules are no longer applicable because the election in this case was held pursuant to Article VI, Constitution of Missouri 1945, V.A.M.S., and § 26(g) thereof provides that, "All elections under this article may be contested as provided by law." Appellants contend that this provision is self-executing and that it provides the necessary authority to contest the election in this case even though the legislature has not provided any statutory authority to do so.

In State ex rel. City of Fulton v. Smith, 355 Mo. 27, 194 S.W.2d 302, 304, this court quoted with approval from 11 Am.Jur., Constitutional Law, § 74, the following general rule for determining whether a provision of the constitution is self-executing:

"'One of the recognized rules is that a constitutional provision is not self-executing when it merely lays down general principles, but that it is self-executing if it supplies a sufficient rule by means of which the right which it grants may be enjoyed and protected, or the duty which it imposes may be enforced, without the aid of a legislative enactment. * * * Another way of stating this general, governing principle is that a constitutional provision is self-executing if there is nothing to be done by the legislature to put it in operation. In other words, it must be regarded as self-executing if the nature and extent of the right

conferred and the liability imposed are fixed by the Constitution itself, so that they can be determined by an examination and construction of its terms, and there is no language indicating that the subject is referred to the legislature for action.' "

See also In re Moore's Estate, 354 Mo. 240, 189 S.W.2d 229; State ex inf. McKittrick v. Wymore, 343 Mo. 98, 119 S.W. 2d 941, 119 A.L.R. 710; State ex inf. Norman v. Ellis, 325 Mo. 154, 28 S.W.2d 363; and State ex inf. Barker v. Duncan, 265 Mo. 26, 175 S.W. 940, Ann.Cas.1916D, **1**; 16 C.J.S., Constitutional Law, § 48.

 The first part of § 26(g), providing that "All elections under this article may be contested", is modified by the words "as provided by law." This latter phrase, when used in constitutions, has been held to mean as prescribed or provided by statute, Lawson v. County Court of Kanawha, 80 W.Va. 612, 92 S.E. 786, but it could also refer to other provisions of the constitution. However, there are no other applicable provisions of the constitution to which this provision could refer and the legislature, rightfully or wrongfully, has not enacted any statute pertaining to the matter. When the entire phrase is considered it is evident that the provision lays down only a general principle and directs the legislature to provide the rules by which the general right

which it grants may be enjoyed and protected. In other words, it is clear that subsequent action by the legislature is contemplated to put the provision into operation.

It has been held that when a constitutional provision creates a right, but is silent as to the remedy, one possessing the right may resort to any common law action which will afford him adequate and appropriate relief. Householder v. City of Kansas City, 83 Mo. 488; State ex rel. City of St. Louis v. O'Malley, 343 Mo. 658, 122 S.W.2d 940. But an election contest is purely statutory, State ex rel. Wahl v. Speer, supra; State ex rel. Frank v. Becker, 320 Mo. 1087, **9** S.W.2d 153, and the common law of this state never afforded such a remedy. State ex rel. Keshlear v. Slover, 134 Mo. 10, 31 S.W. 1054, 34 S.W. 1102; State ex rel. Hollman v. McElhinney, 315 Mo. 731, 286 S.W. 951. We can see no distinction in principle between the language used in the provision of the constitution now under consideration and that used in the provisions considered in Sharp v. National Biscuit Co., 179 Mo. 553, 78 S.W. 787 and Ivie v. Bailey, 319 Mo. 474, 5 S.W.2d 50, 53, 57 A.L.R. 881. There the general principles announced by the provisions of the constitution were modified by the term " 'as may be prescribed by law.' " In each case the provision was held not to be self-executing.[1]

---

[1] The debates in the constitutional convention are of doubtful value in determining the issue here and the apparent meaning on the face of the provision of the constitution is controlling. However, it is interesting to note that § 26(g) was not a part of what subsequently became Article VI when it was reported to the convention by the committee on State Finance (Except Taxation)—Expenditures, Public Indebtedness and Restrictions Thereon. On the floor of the convention an amendment was offered adding a new subsection to § 26 of Article VI as follows: "(g) All elections held pursuant to this article may be contested in the manner provided for the contest of elections of county officers." After an observation that this provision was not workable, the proposed amendment was withdrawn and a substitute therefor was offered worded as follows: "(g) All elections held pursuant to this article may be contested." A member of the convention then expressed dissatisfaction because the proposed substitute amendment "doesn't refer the matter to the legislature," and after expressing the view that as worded the proposed substitute amendment would permit "any disgruntled man without giving a bond or anything else" to file a contest, and that there "ought to be some rule, some requirement that the plaintiff must show some interest and some right" to bring the contest, the proposal was adopted that the substitute amendment be amended by adding the words, "as provided by law." The substitute amendment as amended, was then adopted.

Appellants rely on State ex rel. City of St. Louis v. O'Malley, supra. There the provision of the Constitution, art. 2, § 21 of 1875, V.A.M.S., was, that " 'private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law; * * *.' " [343 Mo. 658, 122 S.W.2d 943.] The court held that "this article gives an absolute right and is self-enforcing, and although there be no statutory law for the ascertainment and payment of the compensation so provided for, the party entitled to this right may resort to any common-law action that will afford him adequate and appropriate means of redress." To the same effect is Tremayne v. City of St. Louis, 320 Mo. 120, 6 S.W.2d 935. In State ex rel. State Highway Commission v. Rascher, 350 Mo. 1138, 169 S.W.2d 941, construing the same provision, the legislature had specifically provided for the method used in ascertaining the compensation. These cases do not control the situation we have here. We do not consider that Cantrell v. City of Caruthersville, 363 Mo. 988, 255 S.W.2d 785, 786, supports appellants' position. There the provision of the Constitution, art. 5, § 15 was, " 'Any circuit judge may sit in any other circuit at the request of the judge thereof.' " This provision was not directed to the legislature and was completely operative in and of itself. The remaining case cited on this proposition, Scott v. Wheelock Bros., Inc., 357 Mo. 480, 209 S.W.2d 149, likewise pertained to a provision of the constitution complete in itself in which there was no direction to the legislature.

■ Appellants next contend that the fact that the legislature has not designated the court before which the election contest is to be held and the manner in which it is to be conducted is of no consequence because Article V, § 14, Constitution of Missouri 1945, V.A.M.S., provides that "The circuit courts shall have * * *, exclusive original jurisdiction in all civil cases not otherwise provided for, * * *" and Article V, § 5 provides that "The supreme court may establish rules of practice and procedure for all courts." However, Article V, § 14 does not create a right of action where one does not otherwise exist, but provides where existing causes of action shall or may be tried. Article V, § 5 is not applicable because in addition to the part quoted above it provides that "The rules shall not change substantive rights, * * *." In any event, the supreme court has not purported to establish those rules which appellants contend it has the right to establish.

■ We must necessarily conclude that where the provision of the constitution announces a general principle and there is a specific direction to the legislature, as in this case, and no common law remedy exists and the legislature has not acted, then the courts are without jurisdiction to entertain a petition for relief. The action of the trial court in striking out those provisions of the petition pertaining to a contest of the election was proper.

■ The remaining question is whether the election was void because the required notices of the election were not properly posted. This is different from the contest of the result of an election, and this court has said that "interference by a court of equity is proper where the election would be a nullity and, consequently, useless." Arkansas-Missouri Power Corporation v. City of Potosi, supra [355 Mo. 356, 196 S.W. 2d 154]. The parties have narrowed the issues to the sole question of whether the notices were posted in "public places" as required by § 165.040.

The school district was approximately "ten to twelve miles square," and a total of six notices were posted for the required period of time in the school district at the following locations:

"1. Notice posted on power line pole facing road at corner of school grounds.
2. On a power line pole at the inter-

section of state highway W and highway B. 3. On a tree on highway W directly in front of the LeGrande Monument Works. 4. On a tree on the county road running from Doe Run to highway H at a point where you turn from the said county road to the old Hildebright School. 5. On a tree on highway W on top of Stono about 300 yards East of the George Elser home. 6. On the county road leading from Doe Run past the Gruner Farm towards the Watson Farm on a tree where the road forks, one going on to the general direction of Elvins and the other turning back to highway W, approximately 3 miles from Doe Run Missouri."

The pole on which notice number 1 was posted was at the intersection of highway B and a road that "led up to the school itself" and "goes on out through on the county road." The notice was eight to ten feet from the edge of the road leading to the schoolhouse and about fifteen feet from the edge of highway B; the pole on which notice number 2 was posted was about three feet from highway B, eight to ten feet from highway W and across a ditch over which there was a bridge; notices numbers 3, 4 and 5 were posted on separate trees "12 to 15 feet," "approximately 10 feet" and "18 to 20 feet" respectively off of highway W; notice number 6 was posted on a tree about eight feet from a county road. The highways and the county road are all public roads, and highway W is the principal highway through the school district in a north-south direction. Both highway W and highway B are well traveled.

Appellants' principal contentions are that all of the signs were posted in places alongside the highways and roads in such position that they could not be read by the residents of the school district "while they were driving along in their automobiles, or even while standing on the road;" that the notices could have been placed at other locations where they were likely to be seen by more people; that one of the notices (number 5) was posted near the western limits of the school district and only two or three families lived further west; and that "large sections of the district" did not have any notices posted therein. The substance of appellants' contentions is that the posting of the notices did not comply with "the law or the spirit" of § 165.040 in that they were not placed where they were reasonably anticipated to provide notice of the election to the voters of the school district.

■■■ "A public place" within the meaning of the statute is a relative and not an absolute term, and the determination of what is a "public place" is a question partly of fact and partly of law. Lake v. Riutcel, Mo.Sup., 249 S.W.2d 450; People v. Simcox, 379 Ill. 347, 40 N.E.2d 525. Annotation, 2 A.L.R. 1008. The test which will generally determine the question of whether the notices were posted in public places within the meaning of the statute is whether the posting of the notices in the particular places fulfilled the purpose of giving the publicity contemplated by the nature of the notice required. Lake v. Riutcel, supra; Armstrong v. New La Paz Gold Mining Co., 9 Cir., 107 F.2d 453, Annotation: 2 A.L.R. 1008. A tree or an electric or telephone pole may or may not be in a public place depending on the location and circumstances, but it was stated in Hunt v. Isom, Tex.Civ.App., 77 S.W.2d 1095, that it could not be held as a matter of law that the posting of a notice on a tree by the side of a public highway was not a posting in a public place. In Town of Wilson v. City of Sheboygan, 230 Wis. 483, 283 N.W. 312, and Mitchell v. Sherrell, 11 Tenn.App. 210, the posting of notices on trees along a public road was held in the circumstances of those cases to be a posting in a public place. See also Lake v. Riutcel, supra, where the posting of notices on electric poles alongside a public road constituted the posting of notices in public places.

■■■ The person charged with posting notices in public places, here the clerk of

the school district, must necessarily exercise and is entitled to exercise a "fair discretion" in the selection of the locations, and if the postings are in public places no one may complain that in his judgment the notices should have been put up in other public places. 2 Merrill, Notice, § 697. We do not consider it at all important that the notices could not be read by travelers while riding down the highway in their automobiles. See Lake v. Riutcel, supra. No such requirement is contemplated by the statute. Neither is it necessarily determinative of the question that all of the notices could not be read by one standing on the highway or road. A public place is not necessarily limited to the traveled portion of a highway, and, in general, is any place where the public is permitted or invited to go or congregate, a place of common resort, a place where the public has a right to go and be. People v. Simcox, supra. Annotation, 2 A.L.R. 1008.

 The notices in this case were typewritten, as they were authorized to be. There is no evidence that any one connected with the school district did anything to prevent the publicity of the election contemplated by § 165.040, that the notices were concealed or hidden in any way, or that they were not reasonably apparent and accessible to any one who passed where the notices were posted. While publication of the notice of the election in a newspaper is not required or authorized by § 165.040, and therefore doing so could not lessen or affect the statutory requirement that notices be posted in at least five different public places in the school district, it is noted, as evidence of the absence of any intent to prevent publicity of the election, that a copy of the notice of the election was printed in at least one newspaper distributed in the school district.

The statute in this case does not require that the notices be posted in the " 'most public places' " as was required in Walker v. Sundermeyer, 271 Mo. 579, 197 S.W. 102, 2 A.L.R. 1005, but only that they be posted in at least five "public places." It may be that the legislature could require a method of giving notice designed to guarantee wider and more effective publicity, and it may be that if the appellants were the ones charged with the duty of posting the notices they would have selected different places to post them. But we believe it may reasonably be said that the notices were posted in "public places" within the meaning of § 165.040, and that, as posted, they reasonably gave the publicity contemplated by the statute, particularly when it is taken into consideration that the statute requires the posting of only five notices in a school district regardless of the size thereof or the number of small communities or other geographical subdivisions therein.

The trial court found that the required number of notices were posted in "public places in the school district" as required by § 165.040, and from a careful and thorough reading of the testimony we cannot say that the conclusion reached was erroneous.

The judgment of the trial court is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court. All concur.