EMERSON v. THE ST. LOUIS & HANNIBAL RAILWAY COMPANY, *Appellant.*

Division Two, July 1, 1892.

1. **Pleading**: PUBLIC STATUTE. One desiring to avail himself of the provisions of a public statute is required only to state facts which bring his case clearly within its provisions.

2. **Constitution**: COMMON CARRIER: DOUBLE-DECKED CARS. Revised Statutes, 1889, sections 2598 to 2600, which require railroad companies to furnish double-decked cars for carrying sheep when requested, and provide a penalty for refusal to do so are constitutional, being a reasonable regulation of common carriers.

3. **Pleading**: DOUBLE-DECKED CARS: STATUTE. A petition to recover the penalty for violation of said statutory provisions need not state that the point to which plaintiff's sheep were to be shipped was a station on the defendant's road, where it alleges that "defendant was conducting a general passenger and freight business over the line of its railroad" between the point of shipment and the point of destination.

VOL. 111—11

*Appeal from Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Theodore G. Case* and *James H. Orr* for appellant.

(1)    The fifth count of the petition does not state facts sufficient to constitute a cause of action, and the motion in arrest of judgment should have been sustained. *First.* It is not alleged in said fifth count that the act done was contrary to the provision of any statutes of the state. Revised Statutes, sec. 3550. *Second.* In actions, purely penal and not remedial, or both penal and remedial, founded upon a statute, reference must be made to the statute. *Shaw v. Tobias,* 3 N. Y. 188. Such strictness might not be necessary in actions of the two latter classes, *supra,* yet in actions purely penal the statute ought to be referred to for the purpose of informing the defendant distinctly of the nature and character of the offense. *Lowe v. Harrison,* 8 Mo. 352; *Walther v. Warner,* 26 Mo. 143; 1 Chitty on Pleadings, 405; *Nellis v. Railroad,* 30 N. Y. 518; *Teetshorn v. Hull,* 30 Wis. 165.    (2)    The verdict should have been for defendant, because the petition fails to allege, and the evidence does not disclose, that the city of St. Louis, Missouri, is a station or a point on defendant's road. And because under the statute upon which plaintiff seeks to recover railway companies are only liable for failure to furnish double-decked cars on their respective lines. Session Laws, 1881, p. 83; Session Laws, 1885, p. 91.    (3)    The statute under which this suit was instituted, and by virtue of the provisions of which the judgment was rendered, is in conflict with the constitution of the state of Missouri. The powers of the legislature in this state are expressly limited by the constitution

of 1875. Constitution, art. 4, sec. 1. (4) The law in question violates section 20 of article 2 of the constitution, which declares that no private property can be taken for private use, with or without compensation or unless by the consent of the owner. Cooley on Constitutional Limitations [3 Ed.] 357; *Taylor v. Porter*, 4 Hill, 140; *Osborn v. Hart*, 24 Wis. 91; *Bloodgood v. Railroad*, 18 Wend. 59; *Dickey v. Tennison*, 27 Mo. 274; *County Court v. Griswold*, 58 Mo. 193; *People v. Morris*, 13 Wend. 328; *Saddler v. Lanham*, 34 Ala. 320. (5) The law involved here is also in conflict with article 2, section 30, of the constitution, which provides that no person shall be deprived of life, liberty or property, without due process of law. Cooley on Constitutional Limitations [3 Ed.] 352; *Hoke v. Henderson*, 4 Dev. 15; *Taylor v. Porter*, 4 Hill, 140; *Jones v. Perry*, 10 Yerg. 59; *Ervine's Appeal*, 16 Pa. St. 256; *Lane v. Dorman*, 3 Scam. 238; *Reed v. Wright*, 2 Greene (Iowa) 15; *Com. v. Byrne*, 28 Gratt. 165; *College v. Woodward*, 4 Wheat. 519. (6) The law is also in conflict with article 4, section 53, of the constitution, which declares that the general assembly shall not pass any local or special law. *Railroad v. Baty*, 6 Cent. L. J. 148; Cooley on Constitutional Limitations, 392; *Vanzant v. Waddel*, 2 Yerg. 260; *Ervine's Appeal*, 16 Pa. St. 266. (7) The act is unconstitutional in that it is a penal statute (*Barrett v. Railroad*, 68 Mo. 56), and the whole of amount of the penalty recovered is diverted from the school fund. Constitution, art. 2, sec. 8; *Dutton v. Fowler*, 27 Wis. 427.

*Robinson & Farrell* for respondent.

(1) The petition is sufficient. *Walther v. Warner*, 26 Mo. 143. (2) The statutory provisions relating to the double-decked cars are a proper exercise of the

powers vested in the legislature, and are forbidden by no provision of our constitution. *Hume v. Railroad*, 82 Mo. 221; *Hine v. Railroad*, 86 Mo. 629. (3) The law is neither a special or local one. *State v. Tolle*, 71 Mo. 645; *State v. Pond*, 93 Mo. 620; *Barrett v. Railroad*, 68 Mo. 56.

GANTT, P. J.—This cause is certified to this court by the St. Louis court of appeals because the defendant challenges the constitutionality of sections 2598, 2599 and 2600, Revised Statutes, 1889. Laws of 1881, p. 83, and Laws of 1885, p. 91.

The action was commenced in the circuit court of Pike county, at the March term, 1888. There were six counts in the petition, but as the finding was for plaintiff only on the fifth count it is unnecessary to incumber this record with the others.

The petition is as follows: "Plaintiff states that defendant is a corporation duly organized and existing under and by virtue of the laws of the state of Missouri, and that said corporation owns and controls a railroad running from the city of Hannibal, in the county of Marion, through the city of Bowling Green in the county of Pike, to the town of Gilmore, in the county of St. Charles, all of said places being in the state of Missouri, and that said corporation conducts a general passenger and freight business over the line of its said railroad from the said city of Bowling Green and other stations along the line of said railroad, to the city of St. Louis in the state of Missouri.

"Plaintiff for cause of action states that on the twenty-third day of August, 1887, he desired to ship a lot of sheep over defendant's railroad from the said city of Bowling Green to the said city of St. Louis, and requested defendant to furnish him with a double-decked car for the transportation of said sheep, but

that defendant furnished two cars instead, and he, the plaintiff, loaded his sheep on said cars so furnished, and that defendant refused to transport said two cars of sheep unless plaintiff would pay the full legal rate of freight allowed for the shipment of stock on each of said two cars, and demanded and charged the full legal rate of freight, and on plaintiff's refusal to pay the full legal rate on each car defendant forced plaintiff to unload his sheep and refused to transport them, in violation of the statutes relating to double-decked cars, whereby defendant became indebted to plaintiff in the sum of $200, for which amount he asks judgment."

The answer was a general denial. The cause was tried at the September term, 1889, and resulted in a verdict for plaintiff for $50.

The errors assigned will be considered in the order of the appellant's brief.

I.   It is first contended that the fifth count in the petition as hereinbefore set forth does not state a cause of action, because it is not alleged that the act done was contrary to the provision of any statute.

The defendant relies upon section 2078, Revised Statutes, 1889, for this position. That provision of our code, however, does not sustain him. This is a public statute, and this and all other courts of this state will take cognizance of it. The petition clearly charges a violation of the statute. A party desiring to avail himself of the provisions of a public act is only required to state the facts which bring his case clearly within it. *Reynolds v. Railroad*, 85 Mo. 90. The petition was otherwise sufficient in referring to the statute, both by the sub-title and the substance of the sections.

II.   It is next insisted the verdict should have been for defendant, because the petition fails to allege that the city of St. Louis is a station on defendant's railroad. There is no force in this objection. The allegation is

specific, that "the defendant was conducting a general passenger and freight business over the line of its railroad from Bowling Green to the city of St. Louis." The proof showed that, while the defendant only owned the road from Hannibal to Gilmore, it had running arrangements with the Wabash railroad, by which its cars were delivered to the Wabash at Gilmore and by that company hauled to St. Louis.

It was not necessary for the petition to set out this evidence. The allegation of the fact was sufficient. By virtue of this arrangement, it made the Wabash a part of its own line for the purpose of carrying freight, and held itself out as a common carrier between Hannibal and St. Louis. Having engaged to carry freight to St. Louis under this arrangement, and receive payment and make contracts for delivery in that city, it adopted St. Louis as a station on its line, so far as shippers over it were concerned. The defendant was not compelled by law to make running arrangements with the Wabash, nor engage in transporting freight to St. Louis or other points on the Wabash. It could have confined its business to its own line, and, in that event, would not have been compelled to furnish double-decked cars or any other kind to a point beyond its own line; but, having so undertaken to transport the plaintiff's sheep to St. Louis over its own line and the Wabash, it became its duty, upon plaintiff offering enough sheep for a double-decked car, to furnish him such a car for one rate, or two single-decked cars for one rate. For the purpose of this shipment, the Wabash railroad was a part of its line, as much so, as if leased to it, or owned by it. It was a common carrier between St. Louis and Hannibal, and came within the purview of the statute. Moreover, its refusal to carry for one rate was not based on the fact

that its road did not run to St. Louis, and that St. Louis was not a station on its line.

III. The remaining contention of the defendant is that the Acts of 1881 and 1885, sections 2598-9 and 2600, are unconstitutional. This point is utterly without merit. It is clearly within the power of the legislature to prescribe proper regulations for common carriers, nor is it forbidden to do so by any provision of the constitution. The law in this case is eminently reasonable and just. It would be manifestly unjust for a railroad to charge. as much for a load of sheep in a single-deck car as it would for cattle or hogs, weighing nearly, if not quite, twice as much. For this reason, because they were light, and easily handled, the legislature required that the different railroads of this state should furnish double-decked cars for the transportation of sheep, when requested, and provided a penalty for refusing to comply with this act. The law is constitutional, reasonable and just. Section 20 of article 2 is wholly foreign to the issues. That provision has no application to this case. Neither is the act a special law within the meaning of the constitution. *State ex rel. v. Tolle*, 71 Mo. 645.

Equally groundless is the claim that the act is in conflict with section 8, article 11, of the constitution. Only such penalties are required to go to the school fund as the legislature may provide shall accrue to the state. *Barnett v. Railroad*, 68 Mo. 56.

The case was fairly presented to the jury under proper instructions, and the issue found for the plaintiff. The judgment of the circuit court of Pike county is affirmed. All concur.