Grover A. HOHENSTREET and
Frances V. Hohenstreet,
Plaintiffs-Appellants,

v.

STERLING NATIONAL LAND CO.,
d/b/a Sterling National Realtors,
et al., Defendants-Respondents.

No. 49388.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 18, 1986.

Lee Young, Union, for plaintiffs-appellants.

Kenneth B. Dopuch, Briegel, Dempsey, Baylard & Patane, Union, for defendants-respondents.

SIMON, Judge.

Plaintiffs, Grover and Frances Hohenstreet, appeal from the dismissal, by the Circuit Court of Franklin County, of their amended petition for fraud (Count I), usurious interest rate (Count II), and Truth in Lending Act violations (Count III) against defendants, Sterling National Land Company (Sterling), Robert Small, and Lloyd J. Wurdack. Plaintiffs also appeal a summary judgment granted upon Sterling's counterclaim, based upon a promissory note secured by a second deed of trust. Sterling cross appeals contending that the summary judgment did not award the correct percent of interest, and the interest was calculated from an incorrect date.

On appeal, plaintiffs contend that the trial court erred: (1) in dismissing Count I of their amended petition for failure to allege sufficient facts to state a claim for relief in fraud; (2) in dismissing Count II for failure to allege the necessary elements of a claim for relief in usury; (3) in dismissing Count III for failure to plead sufficient facts to state a claim for relief for violation of the Truth in Lending Act; and (4) in granting summary judgment on Sterling's counterclaim. We reverse and remand the dismissal of Counts I and III of plaintiffs' amended petition and affirm the dismissal of Count II. In addition, we reverse and remand the summary judgment for further proceedings consistent with this opinion.

In response to plaintiffs' petition, defendants, Sterling and Small, filed motions to dismiss the petition for failure to state a claim for relief. Defendant Wurdack filed an answer denying the petition's allegations except to state that he was named trustee in the second deed of trust and he had no knowledge of any of the facts. About three years later, Sterling filed its counterclaim based on the promissory note secured by the second deed of trust. Later, the trial court sustained the motions to dismiss as to Counts I and III, but denied the motions as to Count II, granting plaintiffs thirty days to file amended pleadings. Defendants then filed an answer to Count II. Later, the plaintiffs filed a three count amended petition. The defendants filed a motion to dismiss the amended petition for failure to state a claim for relief, and the trial court dismissed the three counts of the amended petition. Plaintiffs filed a motion for a new hearing on Counts I and III, but the trial court affirmed its earlier dismissal and granted summary judgment on Sterling's counterclaim for $10,000 plus interest at nine percent from the date of the filing of the counterclaim.

In their amended petition, plaintiffs allege that they purchased land in 1978 from Fern Rohlfing, and were required by promissory note, secured by a first deed of trust, to make twelve yearly payments to Rohlfing beginning in 1979. In January of 1980, plaintiffs sought to borrow money from Sterling in order to make payment to Rohlfing in the amount of $9,040. On January 15, 1980, plaintiffs executed a promissory note, payable to Sterling, in the amount of $15,000 with an interest rate of fifteen percent per annum. The promissory note was secured by a second deed of

trust on the land purchased from Rohlfing. Lloyd J. Wurdack was named as trustee. The amended petition also alleges that the promissory note was secured by another document, referred to as the amendment to the second deed of trust, purporting to hold Sterling harmless for any representation other than what was contained in the second deed of trust or the amendment. The promissory note, second deed of trust and amendment were attached and incorporated as part of the three counts of the amended petition.

Plaintiffs further allege that they received only $10,000 from Sterling, and that Sterling's agent, Small, told plaintiffs that they would not have to repay the additional $5,000, that it would be retained in an escrow account, and that the principal amount of plaintiffs' indebtedness on the note would be reduced by $5,000 or such portion which remained after certain fees and expenses were deducted. The thrust of plaintiffs' amended petition is that they were defrauded of $5,000, as well as any interest upon that amount, and that the $5,000 amounted to illegal interest and finance charges contrary to defendants' representations.

Sterling's counterclaim stated that plaintiffs executed the promissory note payable to Sterling and that plaintiffs received $10,000 from Sterling. Despite demand, plaintiffs failed and refused to repay the $10,000, so Sterling prayed judgment for $10,000 and prejudgment interest in the amount of ten percent per year.

■ Reviewing plaintiffs' first three points, we shall construe the amended petition favorably and give the plaintiffs the benefit of every reasonable and fair intendment in the facts alleged. *Euge v. Golden,* 551 S.W.2d 928, 931 (Mo.App.1977). The plaintiffs have a right to proceed if the facts pleaded, and their reasonable inferences, looked at most favorably from the plaintiffs' standpoint, show any ground upon which relief can be granted. *Id.* Although the plaintiffs are required to plead the ultimate facts, it is not necessary that they plead the facts or circumstances by which the ultimate facts will be established to avoid a motion to dismiss. *Scheibel v. Hillis,* 531 S.W.2d 285, 290 (Mo. banc 1976).

■ In plaintiffs' first point on appeal, they contend that the trial court erred in dismissing Count I of the amended petition because fraud was pleaded with particularity as required by Rule 55.15. The specific elements of a fraud claim are: a representation, its falsity, its materiality, a speaker's knowledge of the falsity, his intent that his statement should be acted upon by the other party and in the manner contemplated, that party's ignorance of the falsity, his reliance on its truth, his right to rely thereon, and his consequent injury. *Yerington v. Riss,* 374 S.W.2d 52 (Mo.1964). In paragraphs number four and five of Count I of the amended petition, plaintiffs alleged that they executed a note payable to Sterling in the amount of $15,000, but they received only $10,000. Paragraph number eight included the representations allegedly made by Small, and it is set out in full as follows:

That Defendant Robert Small, in his capacity as agent of Defendant Sterling National Realtors, and acting in behalf of and pursuant to the authority of Defendant Sterling National Realtors, represented to plaintiffs that the Five Thousand ($5,000) Dollar balance would be retained by Defendant Sterling National Realtors in an escrow account and that the principal amount of Plaintiffs' indebtedness on said note would be reduced by Five Thousand ($5,000) Dollars or such portion thereof as remained after certain fees and expenses were deducted therefrom.

Plaintiffs alleged in paragraph number nine that they "received no information regarding the establishment of an escrow account or appointment of an escrow agent or reduction or credit of the principal amount of Plaintiffs' indebtedness." It was pleaded in paragraph number ten that "Robert Small knew that no escrow account would be opened and knew that Plaintiffs would receive no credit on said Note for all or any part of said sum of Five

Thousand ($5,000) Dollars and that the sole purpose of making said representation was to deceive and defraud Plaintiffs." Plaintiffs further alleged in paragraph number thirteen "That Plaintiffs believed and relied upon, and were justified in believing and relying upon the aforesaid material representations of Defendant Robert Small acting on behalf of Defendant Sterling National Realtors and were thereby induced to execute said Note and Second Deed of Trust." Finally, paragraph fourteen stated plaintiffs' damages: "That by reason of the aforesaid misrepresentations made by Defendant Robert Small acting on behalf of Defendant Sterling National Realtors, Plaintiffs have been defrauded and damaged in the sum of Five Thousand Seven Hundred Fifty ($5,750) Dollars." In short, it was pleaded that Small intended to induce plaintiffs to sign a note by making false representations which Small knew were false when he made them; and that believing these representations were true, plaintiffs were justified in believing and relying upon defendants' representations which caused plaintiffs' consequent injury in the amount of $5,750. Therefore, all of the elements of fraud were pleaded sufficiently.

Defendants' principal argument is that plaintiffs' amended petition did not state a misrepresentation of an existing fact because it alleged that defendants promised to do something in the future with the $5,000 balance rather than that defendants were presently doing something with the money contrary to their representations. Defendants' contention is without merit. In *Sofka v. Thal,* 662 S.W.2d 502, 507 (Mo. banc 1983), our Supreme Court stated that, "... a promise accompanied by a present intent not to perform is a misrepresentation of present state of mind, itself an existing fact, sufficient to constitute actionable fraud." Since plaintiffs' amended petition alleged that Small knew that his representations were false, that no escrow account would be opened, and that plaintiffs would receive no credit on their promissory note for all or part of the sum of $5,000,

the amended petition stated a misrepresentation of an existing fact.

Defendants also argue that paragraph eight of the amended petition alleged a representation which could not be proven false since the $5,000 would be placed in escrow or used for other purposes. Apparently, defendants interpret the latter portion of the paragraph to mean that defendants' representation was to the effect that defendants could deduct the full $5,000 for "certain fees and expenses." This interpretation misconstrues the main thrust of the amended petition which was that plaintiffs were defrauded of $5,000.

■ Defendants further contend that a hold harmless clause in the amendment to the second deed of trust precluded plaintiffs' claim. This amendment contained the following sentence: "The Second Party [plaintiffs] hereby agrees to hold the First Party [Sterling] harmless of any representation other than what is contained in this agreement or the SECOND DEED OF TRUST." Defendants' argument is again without merit. If the plaintiffs were fraudulently induced to sign the agreement, they may be granted relief from the terms of the written agreement and be placed in status quo. *Wallach v. Joseph,* 420 S.W.2d 289, 294 (Mo.1967). Consequently, the trial court erred in its dismissal of Count I of plaintiffs' amended petition.

■ In their second point, plaintiffs contend the trial court erred in dismissing Count II of the amended petition, because it is not necessary to repay the principal of a loan, nor to plead that an interest payment was made on the loan, in order to state a claim for usury. Although plaintiffs do not have to repay all the principal of the loan before suing for usurious interest, a claim for usury does not arise until the first payment of interest is made. *Wilner v. O'Donnell,* 637 S.W.2d 757, 763–764 (Mo.App.1982). The amended petition did not state that any payment had been made on the loan. Furthermore, plaintiffs admitted in their answers to defendants' interrogatories that no payment had been made. The record does not indicate that plaintiffs

made any payments to Sterling. Plaintiffs also argue that defendants waived all objections to plaintiffs' pleading of the usury claim by filing an answer to Count II of the original petition (which was basically the same claim for usury as in Count II of the amended petition). However, a defense of failure to state a claim upon which relief can be granted is never waived. *Healy v. City of Brentwood,* 649 S.W.2d 916 (Mo. App.1983). The trial court properly sustained defendants' motion to dismiss Count II of the amended petition.

■ In their third point, plaintiffs contend that the trial court erred in dismissing Count III for the following reasons: (1) plaintiffs pleaded sufficient facts to state a claim for violation of the Truth in Lending Act; (2) the Truth in Lending Act does not require that each of its statutory elements be pleaded; (3) it was improper to dismiss this type of claim where the petition alleged facts which indicated that the pleader might prove a state of facts to support a claim; (4) the hold harmless agreement did not preclude liability; and (5) the applicable statute of limitations did not bar plaintiffs' claim. Pertinent portions of Count III of plaintiffs' amended petition are:

3. That Defendants failed to properly compute and disclose to Plaintiffs the true annual percentage rate of the loan, as required by the Consumer Credit Protection Act, otherwise known as the Truth in Lending Act, 15 U.S.C. Sections 1601–1665.

4. That the finance charge for said loan was Seven Thousand Two Hundred Fifty ($7,250) dollars.

5. That the actual annual percentage rate of the loan was Seventy-Two and One-Half (72.5%) per cent under 15 U.S.C. Section 1605 and 1606.

6. That the annual percentage rate disclosed on the Note and Amendment to the Second Deed of Trust is Fifteen (15%) per cent.

7. That in accordance with the provisions of 15 U.S.C. Section 1640, Plaintiffs are entitled to recover damages of One Thousand ($1,000) Dollars, plus costs and reasonable attorney's fees.

Defendants contend that plaintiffs failed to allege that Sterling was a creditor within the meaning of 15 U.S.C. Section 1602(f) which defines creditors as those "who regularly extend, or arrange for the extension of, credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise." Defendants are correct that only certain types of creditors are subject to civil liability for Truth in Lending Act violations. 15 U.S.C. Sections 1602(f), 1640. However, plaintiffs pleaded that the payment of a finance charge was required. Plaintiffs incorporated paragraphs from Count I into the pleading of Count III which stated that Sterling was doing business as Sterling National Realtors and that Sterling extended credit to plaintiffs in connection with a mortgage of property. The only component of the statutory definition of creditors which plaintiffs did not literally plead was whether defendants regularly extended, or arranged for the extension of, credit. However, plaintiffs pleaded that defendants failed to properly compute and disclose the actual annual percentage rate of the loan as required by the Truth in Lending Act. It is reasonable to infer from the alleged facts of the amended petition that Sterling was the type of creditor subject to the requirements of the Truth in Lending Act.

■ Defendants rely upon *Warner v. Warner,* 658 S.W.2d 81 (Mo.App.1983), which involved a statutory proceeding under Section 473.340 RSMo 1978, concerning a decedent's estate. The statute in that case specifically required that the petition allege the nature of the interest of the petitioner in the property of the decedent's estate. The petitioner in that case did not plead his interest in the property, so his petition was dismissed. The Truth in Lending Act is remedial in nature, and its provisions should be liberally construed in favor of the consumer. *Ehlert v. Ward,* 588 S.W.2d 500 (Mo. banc 1979). Further, in

the absence of a specific statutory requirement, the plaintiffs are not required to plead the literal terms of a statute, but they must merely plead facts which bring their case within the purview of the statute. *Williamson's Estate v. Williamson,* 380 S.W.2d 333, 338 (Mo.1964); *Hutcherson v. Thompson,* 343 Mo. 884, 123 S.W.2d 142, 147 (1938). Accordingly, we find that the Truth in Lending count of plaintiffs' amended petition was pleaded sufficiently to withstand a motion to dismiss for failure to state a claim for relief.

■ Defendants argue that the hold harmless provision of the amendment to the second deed of trust releases them from liability for Truth in Lending Act violations. In *Parker v. Dekalb Chrysler Plymouth,* 673 F.2d 1178 (11th Cir.1982), the court held the mandatory requirements of the Truth in Lending Act could not be waived. In any event, the amendment merely stated that Sterling was to be held harmless of any representations other than what was contained in the amendment or the second deed of trust. Plaintiffs pleaded Truth in Lending Act violations in those documents. They also alleged that defendants failed to disclose the true annual percentage rate of the loan. Here, the failure to disclose is not a representation, and it would not be covered by the hold harmless agreement.

■ Additionally, defendants contend that the statute of limitations bars liability for violations of the Truth in Lending Act. Claims for Truth in Lending Act violations must be brought within one year of the date of the occurrence of the alleged violation. 15 U.S.C. Sec. 1640(e). Plaintiffs' original petition was filed on March 16, 1981, and it contained basically the same allegations of violations as the amended petition which was filed on June 26, 1984. Defendants argue that plaintiffs were required to file their claim within one year of January 15, 1980, the date on which the note and second deed of trust were allegedly executed. Defendants' motion to dismiss Count III of the amended petition does not specify the grounds for dismissal.

If it clearly appears from the face of the amended petition that a claim for relief is barred by the statute of limitations, a motion to dismiss, even without specification of grounds, is properly sustained. *Schnabel v. Taft Broadcasting Company, Inc.,* 525 S.W.2d 819, 821 (Mo.App.1975). In this case, it is not clear on what dates the second deed of trust and its amendment were executed. Although the second deed of trust stated it was made on January 15, 1980, it did not have a date or signature in the spaces provided for a notary public's subscription. Similarly, the amendment did not contain a notary subscription. The only date on the face of the amendment appeared in its first paragraph: "Amendment to SECOND DEED OF TRUST, dated January 15, 1980, By and between Sterling National Realtors hereafter the First Party, and GROVER A. HOHENSTREET and FRANCES V. HOHENSTREET, hereafter the Second Party." The date in this paragraph referred to the second deed of trust, so it is not clear on what date the amendment was executed. Thus, it is not clear from the amended petition when the statute of limitations began to run. Consequently, Count III of plaintiffs' amended petition should not have been dismissed.

■ In their fourth point, plaintiffs argue that the trial court erred in granting summary judgment on Sterling's counterclaim, because the issues in their amended petition were specifically incorporated in their answer to the counterclaim and because there were genuine issues as to material facts. Summary judgment is a drastic remedy, and we must scrutinize the entire record in the light most favorable to the plaintiffs. *First National Bank of St. Charles v. Chemical Products, Inc.,* 637 S.W.2d 373 (Mo.App.1982); *Colbert v. Mutual Benefit Life Insurance Company,* 608 S.W.2d 119 (Mo.App.1980). Since plaintiffs' claims for fraud and Truth in Lending Act violations survive the motion to dismiss, there are genuine issues of material fact in the case. If the plaintiffs were fraudulently induced to sign the promissory note, relief may be granted from its

terms and the plaintiffs placed in the status quo. *Wallach*, 420 S.W.2d at 294. Since the counterclaim is based on the promissory note, fraud is a material issue as to Sterling's counterclaim. In addition, if plaintiffs prevail upon the Truth in Lending claim, they would be entitled to a set-off against the amount Sterling might be entitled to recover on the counterclaim. 15 U.S.C. Section 1640. Although plaintiffs did not literally plead affirmative defenses, set-off or recoupment in their answer to Sterling's counterclaim, they did state that they "deny liability for the amount claimed because any and all amounts due Plaintiffs under this transaction exceed the amount of Defendant's claim." Therefore, the trial court erred in granting summary judgment on Sterling's counterclaim.

We will not consider Sterling's cross appeal concerning the interest awarded on its counterclaim, since our resolution of plaintiffs' summary judgment point is dispositive of Sterling's point.

Judgment affirmed in part and reversed and remanded in part.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.